Filed 7/11/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069050 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN183440) |
| MICHAEL EVAN FUSTING, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge. Reversed and remanded with directions.

Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Theodore M. Cropley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

This is another case dealing with the proper interpretation of newly created Penal Code[1] section 459.5[2] entitled shoplifting. We are aware our Supreme Court has granted review in numerous cases including opinions on opposing interpretations of the statute. Ultimately our high court will provide guidance on the interpretation and application of the statute. In the interim, it is our obligation to make our best efforts to correctly interpret and apply the section.

The question presented by this appeal is whether a defendant must commit or intend to commit common law larceny at the time the person enters a commercial establishment during regular business hours. The parties do not dispute the building was a commercial establishment, that it was open for business, or that the value of the intended theft was less than $950.

In 2004, Michael Evan Fusting entered a guilty plea to one count of second degree burglary (§ 459).

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     Section 459.5 provides: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

2

Following the passage of Proposition 47 (§ 1170.18, the Safe Neighborhoods and Schools Act) in November 2014, Fusting petitioned to have his burglary conviction reduced to misdemeanor "shoplifting." The court denied the petition because entry into a building with the intent to commit theft by false pretenses does not qualify as shoplifting.

STATEMENT OF FACTS

According to the change of plea form, Fusting entered a building with the intent to sell a stolen surf board.

DISCUSSION

Fusting contends the trial court's analysis of sections 459.5 and 490a was flawed. He argues that the intent to commit larceny as used in section 459.5 must be read consistently with the case law analyzing the same language in section 459. The People, on the other hand, argue we should focus on the common sense meaning of the term "shoplifting" and give it a dictionary meaning without reference to sections 459 and 490a. The People also argue that Fusting did not enter the surf shop with the intent to commit theft or larceny. They contend he entered with the intent to commit theft by false pretenses. Regarding the People's latter position, we simply respond he was charged with and convicted of entering a building with the intent to commit theft, which we find entirely consistent with case law analyzing sections 459 and 490a.

The question presented here is whether we restrict our analysis of section 459.5 to the dictionary meaning of the term shoplifting or whether we should interpret the

3

statutory language in light of well-established definitions existing prior to the enactment of section 459.5. We opt for the latter approach.

Legal Principles

Proposition 47 added section 1170.18, which allows "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47 had it] been in effect at the time of the offense" to "petition for a recall of sentence" and request resentencing. (§ 1170.18, subd. (a).) A person seeking resentencing under section 1170.18 must show he or she fits the criteria in subdivision (a). If the person satisfies the criteria the person shall have his or her sentence recalled and resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b); *T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)

Relevant here, Proposition 47 also added a new crime of shoplifting, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).)

In interpreting section 459.5, Fusting urges we look to section 490a for guidance. Section 490a provides, "[w]herever any law or statute of this state refers to or mentions

4

larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

Specifically, our issue requires us to find the correct interpretation of the term "larceny" as used in section 459.5. " 'In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction.' [Citation.] " 'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]' " [Citation.] In the case of a provision adopted by the voters, 'their intent governs.' [Citation.] [¶] 'In determining such intent, we begin with the language of the statute itself.' [Citation.] We look first to the words the voters used, giving them their usual and ordinary meaning. " 'If there is no ambiguity in the language of the statute, then . . . the plain meaning of the language governs.' " [Citation.] "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' " [Citation.] [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation.' " [Citation.] 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099-1100.)

5

## B. Analysis

The People contend Fusting did not commit shoplifting when he entered the surf shop with the intent to commit theft by false pretenses because shoplifting requires an intent to commit larceny. Also, the People argue section 490a is inapplicable because it does not redefine larceny as any theft. We are not persuaded by these arguments. Historically, the term "larceny" as used similarly in the burglary statute has been interpreted to include all thefts, including theft by false pretenses. (*People v. Dingle* (1985) 174 Cal.App.3d 21, 30; *People v. Nguyen* (1995) 40 Cal.App.4th 28, 31 (*Nguyen*); *People v. Parson* (2008) 44 Cal.4th 332, 353-354.)

In *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*), our high court discussed whether a man who committed theft by false pretenses and subsequently pushed a security guard in an attempt to flee could satisfy the "felonious taking" requirement of robbery. (*Id.* at pp. 779-780.) One element of robbery, which is not present in any other type of theft, is the "felonious taking" requirement. The defendant argued that the "felonious taking" requirement could only be satisfied by the crime of theft by larceny, and not theft by false pretenses. (*Id.* at p. 781.) The court, after analyzing the common law meanings of the different theft offenses, found that larceny is a necessary element of robbery. (*Id.* at pp. 786-787.) Thus, *Williams* held that theft by false pretenses could not support a robbery conviction, because only theft by larceny could fulfill the "felonious taking" requirement.

6

The analysis in *Williams, supra,* 57 Cal.4th 776 is distinguishable from our current issue of whether section 459.5 can be satisfied by theft by false pretenses. This is because the term "larceny" is not actually present in the statute defining robbery (§ 211). As such, *Williams* looked at the common law meaning of larceny in order to reach the conclusion that larceny is a necessary element of robbery. Therefore, the court was not analyzing the statutory interpretation of the term "larceny," but was analyzing the common law meanings and relations of the different theft crimes.

Conversely, in *Nguyen* (1995) 40 Cal.App.4th 28, we discussed whether a defendant could be convicted of burglary for entering the premises of another with the intent to commit theft by false pretenses. *Nguyen* held that the term "larceny" as used in the burglary statute included theft by false pretenses. In reaching our conclusion, we noted that section 490a shows "the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including 'petit' theft by false pretenses." (*Nguyen, supra,* at p. 31.) The *Nguyen* holding is more on point with the issue here, because, unlike *Williams, supra,* 57 Cal.4th 776, we analyzed the interpretation of the term "larceny" as used in a statute.

Additionally, the People argue, in enacting section 459.5, the voters intended to restrict its application to stealing goods or merchandise openly displayed in retail stores. The People assert that "shoplifting" has long and commonly been understood to encompass only the theft of openly displayed merchandise from commercial establishments. As such, the People contend the voters' reasonable belief was that the

7

crime of "shoplifting" referred only to the common understanding of that crime. However, in viewing the plain text of the statute, we find nothing to support that contention. Had the voters intended for "shoplifting" to be confined to that limited meaning, that intention could have easily been expressed in the text of the statute. Instead, the statute was worded substantially similar to the burglary statute (§ 459), which has been judicially interpreted to encompass all thefts. As previously noted, "[w]hen legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears." (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) We find no indication that a distinction was intended to be made between sections 459 and 459.5 in regard to the interpretation of the term "larceny."

The People urge us to apply the definition of "shoplifting" as used in dictionaries and as discussed in Wharton's treatise on criminal law (3 Wharton's Criminal Law (15th ed. 2015) § 343). We decline to take that approach. The statute does not contain any definition of shoplifting other than setting forth the elements of the offense in the specific language of section 459.5. We decline to speculate whether the voters had to resort to dictionaries in formulating their views on the statute. We find it even more unlikely that they were familiar with Wharton's criminal law treatise. Indeed, we wonder how many law-trained professionals have considered that resource. In short we remain satisfied that

8

analysis of the language of the statute, in light of the case law defining the terms, is the best indicator of the voters' intent.

Our interpretation is consistent with the voters' overall intent in passing Proposition 47. Proposition 47 was intended to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70.) Petty theft by false pretenses is precisely the type of nonserious, nonviolent crime Proposition 47 was aimed towards affecting. For example, Proposition 47 also made the crimes of forgery and drafting checks without sufficient funds of less than $950 misdemeanors. (§ 473, subd. (b); § 476a.) Moreover, theft by false pretenses is less likely to involve violence than a situation where a person has the intention to steal openly displayed merchandise from a store. To provide misdemeanors for that type of theft, but not for theft by false pretenses, would contradict the voters' general intent of requiring misdemeanors for nonserious, nonviolent theft crimes.

In considering section 490a, we find that it requires us to have the word "larceny" read as "theft" in section 459.5. As such, the "intention to commit larceny" requirement of section 459.5 can be satisfied by the broader sense of an intent to commit theft. Thus, an intent to commit theft by false pretenses would satisfy that element. Not only is this consistent with prior case law regarding the interpretation of the term "larceny" as used in section 459, but it is also consistent with the voters' intent in passing Proposition 47.

9

Lastly, interpreting the term "larceny" differently in section 459.5 than we would in section 459 would cause the interpretations of the two related statutes to be inconsistent and would ignore the mandate of section 490a.

## DISPOSITION

The order denying Fusting's petition to reduce his burglary conviction to shoplifting is reversed, with directions to grant the petition.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.

10