Filed 10/5/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JANE JEOUNGMI PAK,<br><br>    Defendant and Appellant. | B266718<br><br>(Los Angeles County<br>Super. Ct. No. GA084049) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal presents the question of which value is relevant in determining whether the burglary of a pawn shop achieved through pawning stolen goods is reducible to misdemeanor shoplifting under Proposition 47: the value of the stolen goods pawned, or the value of the property obtained in exchange. The trial court concluded that the value of the stolen goods pawned was the key consideration and denied appellant Jane Pak's application to designate her burglary conviction as a misdemeanor on that basis. We disagree with the trial court's analysis. In a commercial burglary involving the successful pawning of stolen goods, the relevant value for Proposition 47 purposes is that of the property received in exchange for the stolen goods. We nonetheless affirm the judgment of the trial court, because appellant did not present evidence that she obtained $950 or less from the pawn shop. Under Proposition 47, the applicant seeking to reduce a burglary conviction to a shoplifting one bears the burden of proving the value of the property taken or intended to be taken. Appellant presented only an assertion that the property taken was valued at less than $950, as well as a comment to that effect from her attorney. Though uncontested, these assertions were insufficient to carry her burden. The affirmance is without prejudice to subsequent consideration of a new, properly supported petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

By information filed September 15, 2011, the Los Angeles County District Attorney ("the People") charged appellant with one count of residential burglary (Pen. Code, § 459),[1] two counts of check forgery (§ 470, subd. (d)), two counts of commercial burglary (§ 459), and one count of theft of access card information (§ 484e, subd. (d)). The commercial burglary counts alleged that, on two separate occasions, appellant entered "a commercial building occupied by MAINE PAWN SHOP with the intent to commit larceny and any felony." According to statements made by the court and counsel during the hearing on appellant's Proposition 47 petition, appellant pawned a stolen

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

projector during the first pawn shop burglary and a stolen camcorder, watch, and earrings during the second.

Appellant pleaded nolo contendere to all six counts on May 25, 2012. The trial court imposed suspended concurrent sentences and placed appellant on formal probation for three years, with the condition that she serve 365 days in county jail.

Upon completing her probation, appellant filed a petition pursuant to sections 17(b) and 1203.4 to dismiss or reduce to misdemeanors all three burglary convictions. She also filed an application pursuant to Proposition 47, section 1170.18, subdivision (f), to designate as misdemeanors the felony forgery convictions and the burglary convictions involving the pawn shop. In that application, she asserted that all four of those felony convictions should be designated as misdemeanors because the value of the property stolen was less than $950.

The trial court held a hearing on the Proposition 47 application on July 31, 2015.[2] At the hearing, the parties stipulated that the forgery convictions were reducible to misdemeanors under Proposition 47 because the amount of the checks forged was less than $950. The trial court also reduced the burglary conviction involving the projector to a misdemeanor based on the prosecutor's representation that the value of the projector was less than $950.

The burglary conviction involving the watch, earrings, and camcorder prompted more discussion, "because we're dealing with entry into a pawnshop with stolen goods that are undoubtedly above [$]950." The parties agreed that these stolen items collectively had "[a]n estimated value well in excess of $5,000." They also agreed with the trial court's statement that "she goes into that pawnshop and gets less than that" for pawning the items. Defense counsel further represented, "I saw that the district attorney had slips from the pawnshop and they all appeared to be less than $950." The prosecutor did not correct or object to this representation.

_____

[2] The trial court took the section 1203.4 petition under submission during the hearing. It denied the petition in full on August 4, 2015.

The trial court concluded the conviction was not reducible. It explained: "I don't even think 459.5 shoplifting applies under these circumstances. It's entry into a pawnshop with stolen property with the intent to get money for that property[;] that's the gravity of the offense. It's not a shoplifting case because they're not stealing property from the shelf, hiding it, and trying to go out. And so my view is if somebody goes in with property valued at thousands of dollars, they may get low-balled by the pawnshop. But, certainly, if their intent going in is to get as much as possible. We're talking about the value of the property, again, is $5,000. [¶] . . . [¶] And I think you've both made very compelling arguments. Do we look at the value of the property being brought in, as in the People's position? Do we look at the property taken out, as in the money? And Prop. 47 doesn't answer that. My view is if we look at the value of the property intended to be taken, because it's taken or intended to be taken, under Prop. 47, I think somebody's going in with a $5,000 watch. They're certainly intending to get as much as they possibly can. So based on that, I'm going to deny the request to reduce count 6. But I think that's a wonderful issue for an appeal."

Appellant timely filed a notice of appeal on September 3, 2015. On March 11, 2016, appellant's court-appointed counsel filed an opening brief requesting this court independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. On March 15, 2016, we sent a letter to appellant's last known address, advising her that she had 30 days within which to submit by brief or letter any contentions or argument she wished this court to consider. We received no response.

Subsequently, we identified a potential arguable issue and asked the parties to address the following: "Whether the crime of obtaining by false pretenses a sum less than $950 from a pawn shop is shoplifting as defined by Penal Code section 459.5 where the value of the property pawned to obtain the funds exceeds $950." Appellant's court-appointed counsel timely filed a letter brief. We received no response from the People.

**DISCUSSION**

On November 4, 2014, California voters approved Proposition 47, which took effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition

4

47 reclassified certain drug- and theft-related offenses as misdemeanors, unless the offenses were committed by ineligible defendants. (*Id.* at p. 1091.) Proposition 47 also added the misdemeanor crime of shoplifting to the Penal Code. The new shoplifting statute, section 459.5, provides in relevant part: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. . . . [¶] Any act of shoplifting as defined . . . shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subds. (a) & (b).) Thus, after Proposition 47, a defendant who previously would have been charged with felony burglary under section 459[3] must be charged with misdemeanor shoplifting if he or she (1) entered into a commercial establishment, (2) with intent to commit larceny, (3) while the establishment is open during regular business hours, and (4) took or intended to take property valued at $950 or less. (See *People v. Stylz* (2016) 2 Cal.App.5th 530, 534.) Such a defendant no longer may be charged with burglary. (See § 459.5, subd. (b).)

Proposition 47 also included a provision, codified as section 1170.18, subdivision (f), that allows a person who has completed his or her sentence for a felony who would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the crime to apply to have the trial court designate the felony conviction as a misdemeanor. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314.) Appellant potentially falls into that category: she was convicted of felony burglary under section 459, served her sentence, and properly filed in the trial court an application to designate her burglary convictions as misdemeanor shoplifting. The issue here is whether one of her burglary convictions met the shoplifting criteria. Appellant had the burden of proving to the trial court that it did. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880.) On the

---

[3] Burglary is defined as entry into "any house, room, . . . shop . . . store . . . or other building . . . with intent to commit grand or petit larceny or any felony." (§ 459.)

5

extremely limited record before us, it appears there was no dispute that appellant's pawn shop burglary conviction satisfied the first three elements of the shoplifting statute.[4] We accordingly focus our attention on the fourth element, "the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." The trial court concluded that someone who pawns stolen goods worth more than $950 "may get low-balled by the pawnshop," but would intend "going in . . . to get as much as possible." The trial court reasoned that, accordingly, we "look at the value of the property being brought in." Because the parties in this case agreed the pawned property was valued at more than $950, the trial court denied appellant's petition. The trial court thus emphasized the phrase "intended to be taken" in the shoplifting statute at the expense of the word "taken."

We review the trial court's interpretation of the shoplifting statute de novo. (*People v. Abarca* (2016) 2 Cal.App.5th 475, 481; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136 (*Perkins*).) The shoplifting statute was enacted as part of the Proposition 47 voter initiative, but we apply the same interpretative principles that govern the interpretation of statutes enacted by the legislature. (*Perkins*, *supra*, 244 Cal.App.4th at p. 136.) Our fundamental aim is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. (*Ibid.*) "'In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no

---

[4] We note that courts considering the second element, intent to commit larceny, have construed it in light of section 490a, which provides, "[w]henever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." (See *People v. Fusting* (2016) 1 Cal.App.5th 404, 409-411.) The crime of theft may be committed by "knowingly giv[ing] false information or provid[ing] false verification as to the person's true identity or as to the person's ownership interest in property or the person's authority to sell property in order to receive money or other valuable consideration from a pawnbroker . . . and . . . receiv[ing] money or other valuable consideration from the pawnbroker." (§ 484.1, subd. (a).) Courts including this one also have concluded that the more broadly defined crime of theft by false pretenses (§ 484) satisfies the "intent to commit larceny" element of the shoplifting statute. (*People v. Garner* (2016) 2 Cal.App.5th 768, 770; *People v. Fusting*, *supra*, 1 Cal.App.5th at p. 411; *People v. Garrett* (2016) 248 Cal.App.4th 82, 89.)

need for construction.  [Citations.]  When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.  [Citations.]' [Citation.]" (*Ibid.*)  We avoid interpretations that would lead to absurd consequences.  (*People v. Jenkins* (1995) 10 Cal.4th 234, 246.)

We begin by considering the usual, ordinary meaning of the words used in the shoplifting statute.  (*People v. Salmorin* (2016) 1 Cal.App.5th 738, 746.)  "When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word."  (*Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122.)

Section 459.5 provides that, if the other three elements are satisfied, a shoplift occurs where "the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."  A plain reading of this language indicates that the relevant value is that "of the property that is taken or intended to be taken."  The ordinary meaning of the word "property" in the context of theft is "a thing or things owned," or "[a]ny external thing over which the rights of possession, use, and enjoyment are exercised."  (Webster's New World Dict. (3d college ed. 1991) p. 1078; Black's Law Dict. (10th ed. 2014) p.1410.)  The word "property" is modified or described by the phrase "that is taken or intended to be taken." The usual and ordinary meaning of the word "taken," the past participle of the verb "to take," is having obtained possession or control of something.  (See Webster's New World Dict. (3d college ed. 1991) p. 1363 [defining "take" as "to get possession of by force or skill; seize, grasp, catch, capture, win, etc."]; Black's Law Dict. (10th ed. 2014) p.1681 [defining "take" as "To obtain possession or control, whether legally or illegally"].)  Property that is taken, then, is property over which a defendant successfully has obtained possession or control.

The word "taken" is followed by the word "or."  "The plain and ordinary meaning of the word 'or' is well established:  it indicates an intention to designate separate, disjunctive categories."  (*People v. Gibson* (2016) 2 Cal.App.5th 315, 326-327.)  Here,

7

the word "or" demarcates two categories of property: property "that is taken" or property "that is . . . intended to be taken." Construed in accord with its ordinary meaning, the phrase "intended to be taken" means that possession of the property was sought but not obtained. (See Webster's New World Dict. (3d college ed. 1991) p. 702 [defining "intend" as "to have in mind as a purpose; plan"]; Black's Law Dict. (10th ed. 2014) p.930 [defining "intend" as "To have in mind a fixed purpose to reach a desired objective; to have as one's purpose"].) Thus, for purposes of the shoplifting statute, there are two potentially relevant values: (1) the value of property that is taken, or (2) the value of property that is intended to be taken.

Here, the parties agreed that appellant was successful in obtaining property from the pawn shop. In other words, property was "taken" and not merely "intended to be taken." However, the trial court exclusively focused on the "intended to be taken" clause, concluding that appellant must have intended to take "as much as possible" regardless of what she actually took. This was error for two reasons.

First, the disjunctive "or" in the shoplifting statute creates a distinction between a shoplift in which property "is taken" and one in which property merely was "intended to be taken." Under the plain meaning of the terms and the wording of the statute, the phrase "value of the property that is taken" logically applies when a defendant succeeds in taking the subject property. The phrase "value of the property . . . that is intended to be taken" applies in situations where a defendant is unsuccessful in taking property but otherwise satisfies the elements of the shoplifting statute. Considering the value of property that was intended to be taken in cases where property in fact was taken obscures the distinction mandated by the word "or." Moreover, it renders the phrase "property that is taken" superfluous: if the value of property that is taken is not pertinent in a case in which property is taken, when would that value ever be relevant?

Second, considering the value of stolen goods brought into a pawn shop is not consistent with the plain language of the shoplifting statute. Such property is neither "taken" nor "intended to be taken" from the victim pawn shop. It is already in the defendant's possession. The value of stolen goods outside the context of the pawn shop

8

transaction may be relevant to a prosecution for the theft of those goods. However, the prosecution here concerned the theft from the pawn shop, not the theft from the original owner of the goods. Under the circumstances of this case, the only property that possibly could be "taken" or "intended to be taken" was money from the pawn shop. Once that money was taken, the relevant value for purposes of the shoplifting statute became the amount appellant took.

Proposition 47 contains a provision requiring that the initiative "be liberally construed to effectuate its purposes." (Prop. 47, eff. Nov. 5, 2014, § 18; Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of proposed laws, p. 74; see *People v. Tidwell* (2016) 246 Cal.App.4th 212, 219 ["[t]he text of Proposition 47, as enacted by the voters, provides that '[t]his act shall be liberally construed to effectuate its purposes'"].) One of those purposes was to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, *supra*, text of proposed laws, p. 70.) Pawning stolen goods is a form of theft that is neither violent nor, on the spectrum of crimes, particularly serious. Victim pawn shops are injured financially, "'to the extent that they paid out or loaned money on the property.' [Citation.]" (*People v. Davis* (1998) 19 Cal.4th 301, 319.) Section 459.5 says the relevant value to make the crime a misdemeanor instead of a felony is that "of the property that is taken" *or* of the property "intended to be taken." If a petitioner or applicant who successfully pawned stolen goods can prove that he or she received $950 or less in exchange for the stolen property—in other words, that the pawning of the goods did not injure the pawn shop beyond the $950 threshold applicable in most theft cases— he or she should be entitled to relief under a liberally construed Proposition 47.

The problem for appellant is that she did not introduce any evidence, either in her application or at the hearing on her application, to establish that the value of the property she received from the pawn shop was less than or equal to $950. She asserted in her application that the value was less than $950, and her attorney told the trial court, "I saw that the district attorney had slips from the pawnshop and they all appeared to be less than

9

$950." Counsel did not offer the slips into evidence, and neither counsel, appellant, nor any witness provided sworn testimony or a sworn affidavit about the value of the property appellant took from the pawn shop. Counsel's unsworn, unsupported statement about the contents of the slips is not evidence and accordingly is not sufficient to carry defendant's burden. (See, e.g., *In re Zeth S.* (2003) 31 Cal.4th 396, 414, fn. 11.) Even though the People did not contest counsel's representation, and we have no reason to doubt its veracity, appellant cannot rest upon the statement of her counsel to establish her eligibility for relief under Proposition 47. Regardless of the People's arguments, or lack thereof, it was appellant's initial burden to provide some evidence of the value of the property she took from the pawn shop. She cannot prevail without doing so.

Our determination that appellant's petition was deficient does not prevent her from filing another petition supported by sufficient proof of value. In any new petition, appellant should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing she is eligible for relief. (*People v. Perkins*, *supra*, 244 Cal.App.4th at p. 140.)

## DISPOSITION

We affirm the trial court's denial of appellant's application without prejudice to subsequent consideration of a new, properly supported application in accordance with this opinion.

## CERTIFIED FOR PUBLICATION

COLLINS, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

10