Filed 10/9/23  P. v. Khademi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C098554 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-152196) |
| v. | |
| DAVOOD KHADEMI, | |
| Defendant and Appellant. | |

Defendant Davood Khademi appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.18.[1]  Appointed counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 or *People v. Wende* (1979) 25 Cal.3d 436, requesting we exercise our discretion to review the entire record for arguable issues on appeal.  Defendant filed a supplemental brief.  We shall affirm.

---

[1]    Undesignated statutory references are to the Penal Code.

1

BACKGROUND

Defendant swung a knife at the victim in a matter likely causing death or great bodily injury. On September 16, 2020, defendant pleaded no contest to assault with a deadly weapon (§ 245, subd. (a)(1)). The trial court sentenced defendant on April 27, 2021, to two years (low term).

On March 23, 2023, defendant filed a petition for resentencing to reduce his felony to a misdemeanor under section 1170.18, subdivision (f). On April 13, 2023, the trial court held a hearing on the motion and found defendant's conviction does "not fall within [section] 1170.18."

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436; *People v. Delgadillo, supra*, 14 Cal.5th 216.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief. Though largely illegible, it appears defendant is challenging the trial court denying his petition for resentencing under section 1170.18. We find no error here. Section 1170.18 in part provides that persons who have completed felony sentences for certain offenses may apply to have their convictions "designated as misdemeanors." (§ 1170.18, subd. (f).) In such cases, the convictions "shall be considered a misdemeanor for all purposes." (§ 1170.18, subd. (k).) One purpose of this section "was to '[r]equire misdemeanors instead of felonies for *nonserious*, *nonviolent* crimes like petty theft and drug possession.' " (*People v. Pak* (2016) 3 Cal.App.5th 1111, 1120, italics added.) Defendant's conviction for assault with a deadly weapon, violating section 245, subdivision (a), is not a qualifying conviction. (§ 1170.18, subd. (a).) In other words, the offense of assault with a deadly weapon remains a felony. (§ 245, subd. (a)(1).)

2

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's order is affirmed.


                                                /s/
                                            EARL, P. J.


We concur:


/s/
RENNER, J.


/s/
MESIWALA, J.


3