Filed 12/10/24  P. v. Mason CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

NATHAN JEROME MASON,

    Defendant and Appellant.

E082405

(Super. Ct. No. CR44036)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Heather B. Arambarri, and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

Defendant and appellant Nathan Jerome Mason appeals from the trial court's postjudgment order denying his petition to reclassify his 1992 felony conviction for second degree burglary (Pen. Code,[1] § 459) to a misdemeanor pursuant to section 1170.18. On appeal, defendant contends that the trial court erred in denying his petition because it was neither untimely nor precluded by this court's prior unpublished opinion. For the reasons explained *post*, we reverse the order denying defendant's section 1170.18 petition and remand the matter for an evidentiary hearing.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 1992, an information was filed charging defendant with second degree burglary (§ 459) after he willfully and unlawfully entered a Miller's Outpost with the intent to commit theft. (*People v. Mason* (Nov. 4, 2022, E078686) [nonpub. opn.] (*Mason I*).) That same day, defendant pleaded guilty as charged and was granted probation on various terms and conditions. (*Ibid.*) Defendant subsequently violated probation and was ordered to serve a prison sentence in this case, concurrent with another case. (*Ibid.*)

---

[1] All future statutory references are to the Penal Code.

On June 1, 2020, defendant personally filed a petition to reduce his 1992 felony second degree burglary conviction to a misdemeanor pursuant to section 1170.18, subdivision (f). (*Mason I*, *supra*, E078686.)

On December 14, 2020, the People filed an opposition, asserting defendant was ineligible for relief because he "failed to meet [his] burden." (*Mason I*, *supra*, E078686.) After several continuances, the trial court heard defendant's petition on September 2, 2021. Defendant was not present at the hearing. The prosecutor argued "the defense cannot meet their burden in this case." (*Mason I*, *supra*, E078686.) Appointed defense counsel submitted. The trial court denied the petition without prejudice, erroneously stating the petition was "under [section] 1361.8." (*Mason I*, *supra*, E078686.)

Defendant subsequently appealed, and his counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Although we offered defendant an opportunity to file a supplemental brief, defendant did not and we dismissed the appeal as abandoned. (See *Mason I*, *supra*, E078686.) We also noted that even if we were to exercise our discretion to conduct a *Wende* review, "defendant did not show that he entered the commercial building to commit a theft, as opposed to another felony, or that the amount in question was not more than $950." (*Mason I*, *supra*, E078686.)

On October 17, 2022, defendant filed a new section 1170.18 petition to reduce his second degree burglary conviction to a misdemeanor in the trial court. In support, defendant declared under penalty of perjury that "[o]n 09/10/1992, the defendant in the

3

above-captioned case was convicted of a felony violation of a crime that has now been made a misdemeanor pursuant to Proposition 47, enacted November 4, 2014." He further declared that the crime he was convicted of was "Penal Code § 459 2nd Degree Burglary (Shoplifting)" and that he "believes the value of the check or property does not exceed $950."

Defendant also attached a declaration in support of his section 1170.18 petition. He declared under penalty of perjury as follows: "In 1992 I accepted a plea agreement for a crime in which I did not commit. Under the advise [*sic*] of my public defender insisting to my mother that it would be in my best interest to accept the D.A. plea agreement because the prosecutor had witnesses that will testify that I committed the crime and if I were to take the case to trial and be found guilty, tha[t] I would receive more substantial time in sentencing, but if I were to accept the plea agreement I can go free that same day with time served and probation. [¶] I was only eight[een] at the time didn't know my rights, never been to jail, scared from being threaten of substantial time of incarceration if found guilty and wanting to get out of jail I accepted a plea agreement for my freedom for a crime in which I did not commit. [¶] GOD's honest truth I had never been too, let alone ever heard of Corona, California before in my life prior to the Riverside She[ri]ff's Department posting a warr[a]nt for my arrest and being brought there by the Riverside She[r]iff's Dep[ar]tment. [¶] I was still attending high [school] I didn['t] own a car and lived approximately 50 miles from the burglarized store in another

4

county San [Bernardino] county. Rialto, Ca which is the city in which I attended E[isen]hower high school."

Defendant further added that, despite maintaining his innocence, the "[c]ourt documents/[p]olice [r]eports show: [¶] (1) That the building was entered during regular business hours according to [p]olice [r]eports. [A]nd [¶] (2) that the value of the property taken or intended to be taken was under $950 in value." He also attached a copy of the minute order from September 10, 1992, showing that the restitution fine imposed in this case was $500.[2]

On November 17, 2022, the People filed a response to the petition indicating that defendant had "failed to meet burden."

About seven months later, on June 8, 2023, defendant wrote a letter to the trial court to inquire about the status of his petition and attached a copy of his October 2022 petition to his letter.

A hearing was held on August 9, 2023, concerning defendant's case. His appointed counsel advised the trial court that the petition was filed in pro per. The trial court then ruled: "The Court notes that it was filed in pro per. The Court further notes that the petition was early and that it was denied on September the 2nd, 2021. [¶] With that the Court does go ahead and takes the matter off calendar today."

---

[2] There is no evidence in the record to suggest that any victim restitution was ever imposed in this case.

The copy of the October 6, 2022 petition mailed on June 8, 2023, meanwhile, was inadvertently filed as a new petition on September 18, 2023. This petition was summarily denied by the trial court on the same day on the grounds that the "[d]eadline to file a Prop 47 was 11/5/22[.]" Defendant timely appealed.

## III.

## DISCUSSION

Defendant contends that the trial court erred by denying his section 1170.18 petition based on the grounds that it was untimely or precluded by our prior opinion from defendant's first appeal, *Mason I*. The People concede that defendant's petition was not untimely but maintain defendant has failed to show he burglarized a store with the intent to commit theft as opposed to some other felony, that the amount in controversy was less than $950, or that the theft occurred during normal business hours. Defendant replies that the matter be remanded to the trial court with directions to conduct an evidentiary hearing, and implicitly claims if necessary, allow defendant leave to amend the second petition.

A. *The Standard of Review*

"We review a '[trial] court's legal conclusions de novo and its findings of fact for substantial evidence.' [Citation.] The interpretation of a statute is subject to de novo review on appeal. [Citation.] 'In interpreting a voter initiative like [Proposition 47], [the courts] apply the same principles that govern statutory construction.' [Citation.] '"The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers

6

so as to effectuate the purpose of the law.  [Citations.]"'  [Citation.]  'In determining intent, we look first to the words themselves.  [Citations.]  When the language is clear and unambiguous, there is no need for construction.  [Citations.]  When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.  [Citations.]'  [Citation.]" (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136 (*Perkins*).)

B.  *Statutory Framework*

In November 2014, the voters passed Proposition 47, the Safe Neighborhoods and Schools Act.  Proposition 47 reduced certain nonviolent drug and theft offenses to misdemeanors.  It also added section 459.5, which provides:  "(a) Notwithstanding [s]ection 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($ 950).  Any other entry into a commercial establishment with intent to commit larceny is burglary . . . .  [¶]  (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting.  No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

Proposition 47 also enacted section 1170.18.  A defendant seeking resentencing or redesignation of a felony conviction as a misdemeanor may petition or file an application

7

pursuant section 1170.18. Specifically, section 1170.18 states that a defendant "may petition for a recall of sentence" if the defendant was "serving a sentence for a conviction . . . of a felony or felonies" and "would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense." (§ 1170.18, subd. (a).) "Upon receiving a petition," the trial court must determine whether the defendant is entitled to relief. (§ 1170.18, subd. (b).) If the defendant is entitled to relief, the defendant's "felony sentence shall be recalled and the [defendant] resentenced to a misdemeanor." (§ 1170.18, subd. (b).) If the defendant has already completed the sentence for the felony conviction for which the defendant seeks relief, the defendant instead "may file an application . . . to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) "If the application satisfies [the requisite criteria], the court shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).)

Originally, a petitioner had to file a petition or application within three-years of the effective date of Proposition 47. (Compare § 1170.18, subd. (j) [petition or application generally must be filed on or before Nov. 4, 2022] with former § 1170.18, subd. (j) [petition or application generally must be filed within three years after the effective date of Prop. 47].) Effective October 8, 2023, Senate Bill No. 749 (2023-2024 Reg. Sess.) amended section 1170.18 and removed the language in subdivision (j) establishing the deadline for filing a petition pursuant to section 1170.18. The November 4, 2022, deadline was eliminated entirely. Extending the deadlines for filing a petition

8

reflects an intent to enlarge, rather than restrict, the opportunity for a defendant to seek relief under section 1170.18. Likewise, construing section 1170.18 to allow a successive petition enlarges, rather than restricts, the opportunity for a defendant to obtain relief.

In this case, as the People acknowledge, defendant's second petition filed on October 6, 2022, and the purported third petition inadvertently filed on September 18, 2023, were timely.

C. *Eligibility for Relief*

"A defendant seeking resentencing under section 1170.18 bears the burden of establishing his or her eligibility, including by providing in the petition a statement of personally known facts necessary to eligibility. [Citations.]" (*People v. Page* (2017) 3 Cal.5th 1175, 1188.) If the defendant fails to meet this burden, the trial court's order denying the petition must be affirmed, even if the trial court expressed a different reason for denying the petition. (*Perkins*, *supra*, 244 Cal.App.4th at p. 139.) "[O]n appeal we are concerned with the correctness of the superior court's determination, not the correctness of its reasoning. [Citation.] '"[W]e may affirm a trial court judgment on any [correct] basis presented by the record whether or not relied upon by the trial court. [Citation.]" [Citation.]' [Citation.]" (*Ibid*.)

A defendant submitting a section 1170.18 petition and arguing that a theft crime should be resentenced as a misdemeanor, because the value of the property stolen was $950 or less, has the initial burden of presenting evidence of the value of the property. (*Perkins*, *supra*, 244 Cal.App.4th at pp. 136-137; *People v. Johnson* (2016) 1 Cal.App.5th

9

953, 964-965 (*Johnson*); *People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) Some or all of the information or evidence necessary to enable the court to determine a defendant's eligibility must accompany the petition. (*Sherow*, *supra*, at p. 880; *Perkins*, *supra*, at pp. 136-137, 140; *Johnson*, *supra*, at p. 970.) "In some cases, the uncontested information in the petition and record of conviction may be enough for the petitioner to establish . . . eligibility" for recall of his felony sentence. (*People v. Romanowski* (2017) 2 Cal.5th 903, 916 (*Romanowski*).) More often, however, excluding evidence outside the record of conviction will impede a defendant from meeting his or her burden to prove eligibility under Proposition 47, which often turns on establishing key facts not previously adjudicated, e.g., when newly relevant evidence was not an element at the time defendant was convicted, or when a defendant pled guilty. (*Ibid*.)

Where eligibility for resentencing turns on facts not established by the record of conviction, the court may require an evidentiary hearing if it "'finds there is a reasonable likelihood that the petitioner may be entitled to relief and [his] entitlement to relief depends on the resolution of an issue of fact.' [Citations.]" (*Romanowski*, *supra*, 2 Cal.5th at p. 916.) That evidence can come from any competent source. (See *Johnson*, *supra*, 1 Cal.App.5th at pp. 968, 971 [petitioner seeking recall of sentence under Prop. 47 may present probative evidence from any source]; *Perkins*, *supra*, 244 Cal.App.4th at p. 140, fn. 5 [petitioner may use declarations or any probative evidence]; *Sherow*, *supra*, 239 Cal.App.4th at p. 880 [petitioner's testimony about the nature of items taken].) In a case such as this, new evidence offered to demonstrate the value of stolen property was

10

less than $950 may be presented in various forms, as well as whether defendant entered the store with the intent to commit larceny. (*Perkins*, *supra*, at p. 137.) A declaration from the defendant or a witness containing "testimony about the nature of the items taken" may also be informative, even sufficient. (See *Sherow*, *supra*, at p. 880.) If and once the defendant makes this showing, the People have an opportunity to attempt to demonstrate defendant's ineligibility for resentencing. (*Johnson*, *supra*, at p. 965.)

If the trial court determines defendant has submitted evidence sufficient to create a dispute as to the value, but has not established his or her eligibility, the court may "permit further factual determination." (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) Proof of eligibility for resentencing or redesignation of a conviction must be made by a preponderance of the evidence. (*People v. Bush* (2016) 245 Cal.App.4th 992, 1001.)

Here, defendant passed the initial screening stage and met his prima facie burden by declaring the stolen property did not exceed $950 and that he entered the building during business hours "according to Police Reports." Nonetheless, the trial court denied the second petition based on its mistaken belief "the petition was early and that it was denied on September the 2nd, 2021" and then took the matter off calendar. That was error. Excluding evidence outside the record of conviction may impede a defendant from meeting his or her burden to prove eligibility under Proposition 47, if that evidence was not an element at the time defendant was convicted. (*Romanowski*, *supra*, 2 Cal.5th at p. 916; *Johnson*, *supra*, 1 Cal.App.5th at p. 968; *Perkins*, *supra*, 244 Cal.App.4th at p. 140.) In the present matter, new evidence was necessary in order for defendant to attempt to

11

demonstrate his eligibility for reduction of his commercial burglary conviction within the misdemeanor statute's $950 threshold, a monetary limit that is not an element of his felony conviction.

The court also erred in denying the petition filed on September 18, 2023, as untimely or past the November 4, 2022, deadline. As previously noted, effective October 8, 2023, Senate Bill No. 749 (2023-2024 Reg. Sess.) amended section 1170.18 and eliminated the deadline for filing a petition pursuant to section 1170.18. Furthermore, we agree with defendant that this court's prior opinion in *Mason I* is not dispositive on the issue of valuation or whether defendant entered the store during regular business hours with the intent to steal because we had dismissed that appeal as abandoned. Moreover, defendant may file successive petitions to include more evidence to support his petition or application, and it is unknown whether defendant had included the same information in his first petition that was denied and appealed to this court.

Here, an evidentiary hearing is necessary as there are factual issues in dispute. The trial court did not consider defendant's declaration or defendant's record of conviction, which presumably includes the police report, as evidence that the value of the stolen property did not exceed $950 or that defendant entered the store with the intent to steal during regular business hours. Defendant had also attached a minute order showing a restitution fine in the amount of $500. Although a restitution fine under section 1202.4 is different from victim restitution and the minute order of the sentencing hearing indicated defendant had to pay direct victim restitution in an amount determined by the

12

probation officer, there is no indication in the record that victim restitution was ever imposed in this case. There is also the factual issue, as the People point out, as to whether defendant was still serving a sentence in November 2014. In any event, if the defendant has already completed the sentence for the felony conviction for which the defendant seeks relief, defendant instead "may file an application . . . to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).)

Under Proposition 47, eligibility often turns on the simple factual question of the value of the stolen property or whether a defendant entered during regular business hours. In most such cases, the value of the property was not important at the time of conviction. Therefore, the record may not contain sufficient evidence to determine its value. For that reason, an evidentiary hearing is necessary, and a defendant is not precluded from filing a new petition supported by competent or other probative evidence as sufficient proof of the value of the stolen goods to establish eligibility for relief under Proposition 47. (See *People v. Pak* (2016) 3 Cal.App.5th 1111, 1121 [affirming the denial of Proposition 47 petition without prejudice, explaining that "[i]n any new petition, defendant should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing she is eligible for relief"]; *Perkins*, *supra*, 244 Cal.App.4th at pp. 140.)

On remand, the trial court has substantial flexibility to devise practical procedures to implement Proposition 47, so long as those procedures are consistent with the proposition and any applicable statutory or constitutional requirements. (*Perkins*, *supra*,

13

244 Cal.App.4th at p. 138.)  The court may exercise its discretion to develop a factual record to address defendant's eligibility by requesting the submission of additional evidence or by conducting a hearing to determine the fair market value of the stolen goods.  Both parties will have an opportunity to litigate the valuation and other issues, i.e., whether defendant entered the store during normal business hours with the intent to steal as opposed to some other felony, under the applicable standards on remand.  We express no opinion on the merits of that issue.

As a guidance to the court and the parties, under section 484, subdivision (a), which defines theft, "'[i]n determining the value of the property obtained, for the purposes of this section, the reasonable and fair market value shall be the test.'" "[C]ourts have long required section 484's 'reasonable and fair market value' test to be used for theft crimes that contained a value threshold . . . ." (*Romanowski*, *supra*, 2 Cal.5th at p. 914 [Proposition 47 did not change this valuation approach].)  California courts have established this general principle for determining the value of property in a theft crime.  If defendant subsequently finds evidence, i.e., describing the stolen property and attaching some evidence, whether a declaration, court documents, police report, record citations, or other probative evidence showing he is eligible for relief, he may file a successive petition with the trial court.  (See *Perkins*, *supra*, 244 Cal.App.4th at p.142.)

Based on the foregoing, we reverse the order denying defendant's section 1170.18 petition to reduce his 1992 burglary conviction to a misdemeanor and remand the matter for an evidentiary hearing.

14

## IV.

## DISPOSITION

The trial court's order denying defendant's second section 1170.18 petition is reversed and the matter is remanded for an evidentiary hearing consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:

FIELDS

J.

RAPHAEL

J.