Filed 8/19/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>APRIL GARNER,<br><br>　　　Defendant and Appellant. | B266881<br><br>(Los Angeles County<br>Super. Ct. No. MA037067) |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Reversed and remanded with directions.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

**INTRODUCTION**

This case presents an issue currently pending before the California Supreme Court: whether a felony conviction for second degree commercial burglary (Pen. Code, § 459) [1] is reducible to misdemeanor shoplifting (§ 459.5) if the defendant entered the commercial establishment with intent to commit theft by false pretenses. (See *People v. Gonzalez*, review granted February 17, 2016, S231171.) Here, the trial court found that appellant April Garner entered a grocery store with intent to commit theft by false pretenses, and determined that appellant was statutorily ineligible to have her felony burglary conviction reduced to a misdemeanor. For the reasons set forth below, we conclude that appellant was eligible for resentencing. Accordingly, we reverse and remand for further proceedings.

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On November 8, 2006, appellant entered a grocery store and attempted to purchase items with a forged $100 traveler's check. A store employee recognized the check as counterfeit, and refused to accept it. Subsequently, appellant was arrested. On March 25, 2014, appellant pled no contest to two felony counts of forgery (§§ 470, subd. (d), 475, subd. (a)) and one felony count of second degree commercial burglary (§ 459). The trial court suspended imposition of sentence and granted appellant five years of formal probation.

Following the passage of Proposition 47 -- which reduced certain theft-related offenses to misdemeanors -- appellant filed a petition to recall her sentence with respect to the felony forgery counts. The trial court granted appellant's motion to reclassify her felony forgery counts to misdemeanors, and resentenced appellant to summary probation as to those offenses.

---

[1]     All further statutory citations are to the Penal Code, unless otherwise stated.

On May 19, 2015, appellant filed a petition for resentencing with respect to her felony burglary count. She argued that it was reducible to misdemeanor shoplifting. The district attorney objected, arguing that the felony burglary count was not reducible, as appellant had entered the grocery store with intent to commit theft by false pretenses, not intent to commit larceny. The trial court agreed. It found that appellant had entered the grocery store with intent to commit theft by false pretenses and accordingly, the felony burglary conviction was not reducible. Appellant filed a timely appeal from the court's order denying her petition.

## DISCUSSION

On November 4, 2014, California voters approved Proposition 47, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) Proposition 47 was intended to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) It reclassified certain drug- and theft-related offenses as misdemeanors, unless the offenses were committed by ineligible defendants. (*Rivera*, *supra*, at p. 1091; *People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.) It also included a provision that allows a defendant currently serving a sentence for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense to file a petition for recall of sentence and resentencing. (§ 1170.18.)

Proposition 47 added section 459.5, which provides: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business

hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." The voter information guide for Proposition 47 explained that "[u]nder current law, shoplifting property worth $950 or less (a type of petty theft) is often a misdemeanor. However, such crimes can also be charged as burglary, which is a wobbler. Under this measure, shoplifting property worth $950 or less would always be a misdemeanor and could not be charged as burglary." (Voter Information Guide, *supra*, analysis of Prop. 47, p. 35.)

Here, the trial court determined that appellant's second degree commercial burglary conviction was not reducible to shoplifting pursuant to section 1170.18, as appellant had entered the commercial establishment with intent to commit theft by false pretenses, not larceny. Appellant contends that "larceny," as used in section 459.5, includes "theft by false pretenses," and that her burglary conviction thus qualifies for reclassification under Proposition 47. We agree.

In interpreting Proposition 47, "we apply the same principles that govern statutory construction" (*People v. Rizo* (2000) 22 Cal.4th 681, 685), and "our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure. [Citations.]" (*In re Littlefield* (1993) 5 Cal.4th 122, 130.) "'In determining such intent, we begin with the language of the statute itself.' [Citation.] We look first to the words the voters used, giving them their usual and ordinary meaning." (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100, quoting *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192.) If there is no ambiguity in the language of the statute, then the plain meaning of the language governs. If the statutory language is ambiguous, we may examine the context in which the language appears, adopting the construction that best harmonizes the statute

4

internally and with related statutes. (*Ibid*.) In construing a statute, we must also consider ""“"the object to be achieved and the evil to be prevented by the legislation.”"" (*Ibid*., quoting *People v. Superior Court (Zamudio)*, *supra*, at p. 193.)

We presume the electorate was aware of existing law when it enacted Proposition 47 (*John L. v. Superior Cour*t (2004) 33 Cal.4th 158, 171; *People v. Weidert* (1985) 39 Cal.3d 836, 844). As enacted by the voters, section 459.5 provides that "shoplifting" is committed when, inter alia, a defendant enters a commercial establishment with "intent to commit larceny." The phrase "intent to commit larceny" in section 459.5 is similar to the phrase "intent to commit grand or petit larceny" used in the burglary statute (§ 459). Our Supreme Court has held that an "intent to commit theft by a false pretense" can support a burglary conviction. (*People v. Parson* (2008) 44 Cal.4th 332, 354 (*Parson*).) *Parson* cited *People v. Nguyen* (1995) 40 Cal.App.4th 28 (*Nguyen*), which specifically held that the "intent to commit grand or petit larceny" element of burglary may be satisfied by entering a victim's house with the intent to pass worthless checks, which constituted "petit" theft by false pretenses. (*Nguyen*, *supra*, at p. 30.) In reaching its conclusion, the *Nguyen* court explained: "[I]n 1927, the Legislature amended the larceny statute to define theft as including the crimes of larceny, embezzlement and obtaining property by false pretense. (Stats. 1927, ch. 619, § 1, p. 1046.) At the same time, the Legislature also enacted section 490a stating, '[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word "theft" were substituted therefor.' (Stats. 1927, ch. 619, § 7, p. 1047.) Thus, the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including 'petit' theft by false

5

pretenses." (*Nguyen*, *supra*, at p. 31.) For the same reasons, we conclude the voters intended "larceny" as used in section 459.5 to include all forms of "theft," including "theft by false pretenses."

Our conclusion is consistent with the voters' intent. As noted, Proposition 47 was designed, inter alia, to "ensure that prison spending is focused on violent and serious offenses . . . ." (Voter Information Guide, *supra*, text of Prop. 47, § 2, p. 70.) Appellant's second degree commercial burglary conviction based on using a forged $100 traveler's check is a nonviolent offense, not demonstrably more serious than classic shoplifting, viz., entering a store and filching $100 worth of items. Reclassifying it as a misdemeanor is thus consistent with the articulated purposes behind Proposition 47. In short, we conclude appellant is eligible to have her felony burglary conviction reclassified to misdemeanor shoplifting.

## DISPOSITION

The order is reversed, and the matter remanded for further proceedings in light of this opinion.

**CERTIFIED FOR PUBLICATION.**



MANELLA, J.


We concur:


EPSTEIN, P. J.                              COLLINS, J.


6