NEEDHAM, J., Concurring in part and Dissenting in part:
*393 I concur in part and dissent in part.
Although I fully agree with most of the majority opinion and its conclusion that the case must be remanded for resentencing, I disagree that a concurrent sentence may be imposed for the assault with intent to commit a sexual offense in count 2 ( Pen. Code, § 220 ),[1] a serious and violent felony. (§§ 667.5, subd. (c)(15), 1192.7, subd. (c)(29).) In 2012, the "Three Strikes" law was amended by the Three Strikes Reform Act of 2012 (Proposition 36). I believe that amendment made consecutive sentencing mandatory when a defendant subject to sentencing under the Three Strikes law is, as here, currently convicted of more than one serious or violent felonies.
The Three Strikes law is contained in two parallel statutes. The legislative version, now set forth in section 667, subdivisions (b) through (j), became operative in March 1994. The initiative version of the law, section 1170.12, was enacted by the voters and became operative in November 1994. The two statues are "nearly identical" in many respects. ( People v. Estrada (2017) 3 Cal.5th 661, 666, fn. 2, 220 Cal.Rptr.3d 801, 399 P.3d 27.) Both versions of the statute were amended by Proposition 36, enacted by the voters in November 2012. The amendments included changes that were made to section 1170.12, subdivision (a)(7), but not to identical language in section 667, subdivision (c)(7).
Prior to the enactment of Proposition 36, section 1170.12, subdivision (a) provided in relevant part: "(a) Notwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has *809 one or more prior serious and/or violent felony convictions, as defined in subdivision (b), the court shall adhere to each of the following: [¶] ... [¶] (6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to this section. [¶] (7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6) of this subdivision , the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (Italics added.) Substantially identical language was contained in section 667, subdivision (c)(6) and (c)(7).
In People v. Hendrix (1997) 16 Cal.4th 508, 66 Cal.Rptr.2d 431, 941 P.2d 64 ( Hendrix ), the state Supreme Court was called on to construe section 667, *394 subdivisions (c)(6) and (c)(7). It concluded (1) subdivision (c)(6) provided that consecutive sentencing was mandatory for any felony not committed on the same occasion and not arising from the same set of operative facts; (2) by implication, the court retained the discretion under subdivision (c)(6) to impose concurrent terms for any felonies committed on the same occasion or arising from the same set of operative facts; (3) by referring to "a current conviction for more than one serious or violent felony as described in paragraph (6)," subdivision (c)(7) incorporated subdivision (c)(6)'s rule regarding consecutive sentencing with respect to more than one serious or violent felonies, so that consecutive sentencing for such crimes was mandatory when they were not committed on the same occasion and did not involve the same set of operative facts, but concurrent terms were permissible when they were committed on the same occasion or involved the same set of operative facts; and (4) section 667, subdivisions (a)(6) and (a)(7) were not redundant because subdivision (c)(7)'s requirement that a crime not committed on the same occasion and not arising from the same set of operative facts be imposed "consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law" meant that not only must sentences for such crimes be consecutive to each other, they must also be consecutive to sentences imposed for any (nonserious/nonviolent) crimes, whether felonies or misdemeanors. ( Hendrix , at pp. 512-514, 66 Cal.Rptr.2d 431, 941 P.2d 64 ; see also 16 Cal.4th at 518-519, 66 Cal.Rptr.2d 431, 941 P.2d 64 (conc. opn. of Mosk, J.); People v. Lawrence (2000) 24 Cal.4th 219, 226-234, 99 Cal.Rptr.2d 570, 6 P.3d 228.) The same reasoning applied to section 1170.12, subdivisions (a)(6) and former (a)(7). ( People v. Deloza (1998) 18 Cal.4th 585, 590-591, 76 Cal.Rptr.2d 255, 957 P.2d 945.)
Proposition 36 amended section 1170.12, subdivision (a)(7) to delete the reference to "paragraph 6" and replace it with a reference to subdivision (b) [defining serious and violent felonies] so that it now provides, "If there is a current conviction for more than one serious or violent felony as described in subdivision (b), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." The plain meaning of section 1170.12, subdivision (a)(7), as amended, is that when a defendant stands currently convicted of more than one serious or violent felonies, the sentences for those felonies must be imposed consecutive to any term for which consecutive sentences are lawful, whether or not they *810 were committed on the same occasion or involved the same set of operative facts. This includes the sentences on the current serious or violent felonies themselves. The amendment effectively abrogates the holding of Hendrix , supra , 16 Cal.4th 508, 66 Cal.Rptr.2d 431, 941 P.2d 64 to the extent that decision recognized that the former version of the statue (in which paragraph (7) referred to paragraph (6)) allowed the court to impose concurrent sentences for current serious or *395 violent felonies committed on the same occasion or arising out of the same set of operative facts. (Couzens & Bigelow, Cal. Practice Guide: California Three Strikes Sentencing (The Rutter Group 2018) § 8:1, pp. 8-2 to 8-13.)
Proposition 36 did not similarly amend the parallel provision in section 667, subdivision (c)(7). There is no plausible reason the voters might have had for amending section 1170.12, subdivision (a)(7), but not section 667, subdivision (c)(7). The ballot materials do not differentiate between the two statutes. (Official Voter Information Guide, Gen. Elec., (Nov. 6, 2012) summary of Prop. 36, pp. 48-53.) In other material respects save one, Proposition 36 amended the comparable substantive provisions of both sections 667 and 1170.12.[2] (Official Voter Information Guide, Gen. Elec., (Nov. 6, 2012) summary of Prop. 36, pp.105-109; compare proposed amendments to § 667, subds. (c), (c)(3), (d), (d)(2), (d)(3), (e), (e)(1), (e)(2), (e)(2)(A)(i), (e)(2)(C), (f)(1) & (f)(2), with § 1170.12, subds. (a), (a)(3), (b), (b)(2), (b)(3), (c), (c)(1), (c)(2)(A)(i), (c)(2)(C), (d)(1) & (d)(2).) The amendment to section 1170.12, subdivision (a)(7) changed the rule of consecutive sentencing for current serious and violent felonies, making such sentences mandatory in all cases, and it would be nonsensical to have two statutes that deal with the same subject matter create different and conflicting rules, one allowing concurrent sentences in three strikes cases, while one does not. It is not reasonably possible to harmonize the two statutes, and the later-enacted initiative version-section 1170.12, subdivision (a)(7)-controls. ( People v. Torres (2018) 23 Cal.App.5th 185, 202, 232 Cal.Rptr.3d 614 ( Torres ); Couzens & Bigelow, supra , § 8:1, pp. 8-1 to 8-6.) The failure to amend section 667, subdivision (c)(7) must be deemed an oversight or drafting error. ( Ibid. ; see also People v. Garcia (1999) 21 Cal.4th 1, 5-6, 87 Cal.Rptr.2d 114, 980 P.2d 829 [court may reform a statute when "compelled by necessity and supported by firm evidence of the drafters' true intent"].)
This interpretation is consistent with the purpose of Proposition 36, which reduces the penalty for certain nonserious, nonviolent offenses and maintains "a system of lengthy prison terms for the truly dangerous and violent offenders." (Couzens & Bigelow, supra , 8:1, p. 8-5.) "Prop. 36 will help stop clogging overcrowded prisons with non-violent offenders, so we have room to keep violent felons off the streets." (Official Voter Information Guide, Gen. Elec., (Nov. 6, 2012) argument in favor of Prop. 36, p. 52.) Giving courts the discretion to make sentences concurrent when they are for nonserious or *396 nonviolent felonies while making consecutive sentences mandatory when defendants are currently convicted of serious or violent *811 crimes is consistent with this purpose. Although the trend in recent years has been to expand rather than limit trial court discretion (e.g., Senate Bills No. 620 and 1393, §§ 12022.5, subd. (c), 12022.53, subd. (h), 667, subd. (a)), such a result is not warranted when it contradicts the plain language of a statute and when the purpose of restricting discretion-here, having truly dangerous felons serve lengthy prison terms-is apparent.
Notwithstanding the plain meaning of current section 1170.12, subdivision (a)(7), Division One of this Court recently held that the changes wrought to this subdivision by Proposition 36 did not abrogate Hendrix , supra 16 Cal.4th 508, 66 Cal.Rptr.2d 431, 941 P.2d 64, and that trial courts still have discretion to impose concurrent terms for more than one serious or violent felonies committed on the same occasion or arising out of the same set of operative facts. ( Torres , supra , 23 Cal.App.5th at pp. 197-202.) I respectfully disagree with this conclusion.
The Torres court noted that Proposition 36 made no changes to section 1170.12, subdivision (a)(6), and that consequently, the Hendrix rule continues to apply. ( Torres , supra , 23 Cal.App.5th at pp. 200-201, 232 Cal.Rptr.3d 614.) Torres noted that section 1170.12, subdivision (a)(6) applied to all current felonies, including serious and violent felonies. ( Torres, supra , at pp. 200-201, 232 Cal.Rptr.3d 614.) It acknowledged that section 1170.12, subdivision (a)(7), which referred only to current convictions for one or more serious and violent felonies, replaced the reference to "paragraph 6" with a reference to "subdivision (b)" [defining serious and violent felonies]; thus, "Proposition 36 changed the triggering language of the subdivision, and subdivision (a)(7) now applies not only when serious or violent felonies were not committed on the same occasion or did not arise from the same set of operative facts, but whenever a defendant is convicted of multiple serious or violent felonies." ( Torres, supra , at p. 201, 232 Cal.Rptr.3d 614.) However, the Torres court concluded that "Proposition 36 made no change, however, to the directive portion of section 1170.12, subdivision (a)(7), which as the Supreme Court explained in Hendrix , is what makes subdivision (a)(7) not duplicative of subdivision (a)(6). [Citation.] This portion of subdivision (a)(7), additionally requires a court to impose the sentences for serious and violent felonies 'consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.' " ( Ibid. ) The Torres court found the change to section 1170.12, subdivision (a)(7) "impacts only the additional requirement for consecutive sentencing of 'other' current offenses (namely, non serious and/or violent felonies and misdemeanor offenses).... where there are multiple serious and/or violent felony convictions, the sentences for those crimes 'must run consecutive to the sentence for any other offense, whether felony or misdemeanor, for which a consecutive sentence may be imposed. ' " ( Torres, supra , at pp. 201-202, 232 Cal.Rptr.3d 614.)
*397 I interpret the amended version of section 1170.12, subdivision (a)(7) differently. Section 1170.12, subdivision (a)(6) requires consecutive sentences for any felony that was not committed on the same occasion and which did not arise from the same set of operative facts; the converse of that principle is that concurrent sentences are allowed for any crime that was committed on the same occasion or arose from the same set of operative facts. By referring to "a current conviction for more than one serious or violent felony as described in paragraph (6)," the former version of section 1170.12 incorporated the same principle in cases where the defendant was currently *812 convicted of more than one serious or violent felonies. Hendrix quite reasonably interpreted this language to mean what it said, and extended the same rule regarding concurrent sentencing to both nonserious/nonviolent current felonies and more than one serious/violent current felonies, with the additional requirement that sentences for more than one serious or violent felonies must be consecutive to other crimes for which the defendant may be consecutively sentenced when those crimes did not occur on the same occasion and did not involve the same set of operative facts. ( Hendrix , supra , 16 Cal.4th at pp. 512-514, 66 Cal.Rptr.2d 431, 941 P.2d 64.)
When the electorate passed Proposition 36, which deleted the reference to "paragraph 6" in section 1170.12, subdivision (a)(7), it signaled its intention that defendants convicted of more than one serious or violent felonies would no longer be subject to the rule of subdivision (a)(6). "An intention to change the law or the meaning of a statute will generally be inferred or presumed from a material change in the statutory language. Such an intent is inferred when the existing law is amended by deletion of an express provision of the previous statute and the substitution of an alternative provision." ( People v. Salazar (1983) 144 Cal.App.3d 799, 806-807, 193 Cal.Rptr. 1.) Subdivision (a)(7) no longer incorporates the language of "paragraph (6);" it is not potentially duplicative of that subdivision; and it should be interpreted by reference to its language standing alone rather than to subdivision (a)(6).
The amended version of section 1170.12, subdivision (a)(7) eliminates any distinction between more than one serious or violent felonies that were committed on the same occasion or which arose from the same set of operative facts and those which did not fall into those categories. It provides that in any case where the defendant stands convicted of "more than one serious or violent felony" "the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction ...." Now, under the plain language of section 1170.12, subdivision (a)(7), consecutive sentences-including sentences consecutive to each other-must be imposed on more than one serious or violent felonies whenever consecutive sentences would be authorized, not merely on those "not committed on the same occasion, and not arising from the same set of operative facts." (§ 1170.12, subd. (a)(6).)
*398 When interpreting an initiative, our primary purpose is to ascertain and effectuate the voters' intent. ( People v. Garner (2016) 2 Cal.App.5th 768, 771, 206 Cal.Rptr.3d 453.) We look first to the language of the statute itself, and if there is no ambiguity, then the plain meaning of the language governs. ( Id. at p. 772, 206 Cal.Rptr.3d 453.) Here, the amended version of section 1170.12, subdivision (a)(7) is not ambiguous: when a defendant is currently convicted of more than one serious or violent felonies, consecutive sentences must be imposed for those crimes. To construe section 1170.12, subdivision (a)(7) as allowing concurrent terms for more than one serious or violent felonies when they meet the criteria of subdivision (a)(6) is no longer justified by the plain language of the statute.
The effect of construing section 1170.12, subdivision (a)(7) to still permit concurrent terms where it applies would be that nonserious, nonviolent felonies are treated more harshly than serious or violent felonies for purposes of imposing consecutive sentences. As Torres recognizes, under section 1170.12, subdivision (a)(7), the court must impose consecutive sentences for nonserious, nonviolent felonies whenever a defendant has been convicted of more than one serious or violent felonies, and *813 must do so regardless of whether they were committed on the same occasion or involved the same set of operative facts. ( Torres , supra , 23 Cal.App.5th at p. 203, fn. 10, 232 Cal.Rptr.3d 614.) Yet it need not make the sentences for serious or violent felonies consecutive with each other, at least if they were committed on the same occasion or involved the same set of operative facts. ( Ibid. ) "We must also avoid a construction that would produce absurd consequences, which we presume [the electorate] did not intend." ( People v. Mendoza (2000) 23 Cal.4th 896, 908, 98 Cal.Rptr.2d 431, 4 P.3d 265.)
Appellant's current convictions for kidnapping with intent to commit a sexual offense and assault with intent to commit a sexual offense in counts 1 and 2 were serious and/or violent felonies. (§ 667.5, subd. (c)(14) & (15); § 1192.7, subd. (c)(10), (20) & (29).) Consecutive sentences are required on those counts pursuant to section 1170.12, subdivision (a)(7). Appellant's conviction for failing to register as a sex offender was not a serious or violent felony, but because the serious/violent felonies had to be consecutive "to the sentence for any other conviction for which the defendant may be consecutively sentenced," sentence on that count must also be consecutive. (§ 1170.12, subd. (a)(7).) On remand the court should impose sentence accordingly.

Further statutory references are to the Penal Code.

Proposition 36 also deleted section 1170.12, subdivision (a)(8), but not the nearly identical provision in section 667, subdivision (c)(8). Both paragraphs provid(ed) that a sentence under the strikes law must be imposed consecutive to any prison term the defendant was currently serving. As appellant was not serving another prison term when he was sentenced, this provision has no potential application to him, but we note that the failure to delete section 667, subdivision (c)(8) in addition to section 1170.12, subdivision (a)(8), appears to be an oversight.