Filed 11/14/19

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| THE PEOPLE, | C086719 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE006058) |
| v. | |
| ROBERT MICHAEL GANGL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, James P. Arguelles, Judge. Affirmed as modified.

The Law Office of John L. Staley and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

Proposition 36 amended the three strikes law in a variety of ways, the most notable of which was to require a third strike defendant's current felony conviction be a serious or violent felony before he or she could be sentenced to 25 years to life for that conviction. (*People v. Conley* (2016) 63 Cal.4th 646, 652-653.) This amendment was generally seen as an ameliorative change meant to bring proportionality in sentencing and

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of parts II through IV.

1

have a positive fiscal impact by reducing the prison population of prisoners who do not pose a threat to public safety. (*Id.* at p. 653; *People v. Johnson* (2015) 61 Cal.4th 674, 686; *People v. Spiller* (2016) 2 Cal.App.5th 1014, 1024.) A lesser known amendment, indeed one that was never discussed in the Official Voter Information Guide, (Official Voter Information Guide, Gen. Elec. (Nov. 6, 2012)) (Official Voter Information Guide), was a change to the sentencing provisions contained in the voter initiative version of the law, but not the legislative version, wherein the voters removed four words and inserted one word.[1] (Pen. Code,[2] §§ 667, subd. (c)(7); 1170.12, subd. (a)(7).)

In the published portion of this opinion, we must decide what this amendment means and whether it changed the long-standing rule that trial courts can use discretion to sentence a prior serious or violent felony offender concurrently to multiple current convictions or whether the trial court is now mandated to sentence that offender consecutively to all of his current convictions. We conclude the trial court has the discretion to sentence a serious or violent felony offender concurrently to his or her current serious or violent felony convictions when those felonies were committed on the same occasion and arise out of the same set of operative facts. Those serious or violent felonies must then be sentenced consecutively to the sentences for nonserious and nonviolent convictions. In doing so, we agree with our colleagues from Division One of

---

[1]     There are two versions of the three strikes law -- the legislative version (Pen. Code, § 667, subds. (b)-(i)) enacted in March 1994 and the voter initiative version (Pen. Code, § 1170.12) enacted in November of the same year. (*People v. Conley*, *supra*, 63 Cal.4th at p. 652.) "In many respects, the two statutes are ' "virtually identical." ' " (*People v. Torres* (2018) 23 Cal.App.5th 185, 197.) While the voters did not amend identical language in the legislative version, we refuse to read the amendment the voters made to the initiative version as having no meaning and thus reject defendant's argument that we ignore the amendment in favor of applying the unamended legislative version of the three strikes law. Thus, we focus our analysis on the amended initiative version of the three strikes law. (*Id.* at p. 202.)

[2]     Further section references are to the Penal Code unless otherwise indicated.

the First District Court of Appeal in *Torres*.  (*People v. Torres*, *supra*, 23 Cal.App.5th at p. 201.)

Here, defendant Robert Michael Gangl was convicted of multiple offenses after he stole a car and then stole the arresting officer's patrol vehicle, led officers on a high-speed chase, and eventually robbed a man in his own home as he tried to elude capture. The trial court sentenced defendant to an aggregate term of 18 years in state prison.

Defendant raises several alleged sentencing errors on appeal.  In addition to the one we outlined above, he contends the trial court should have stayed the terms on his convictions for unlawful possession of ammunition and evading a peace officer under section 654.  The People dispute defendant's contentions and further argue that the abstract of judgment must be corrected to reflect the custody credits awarded by the court.

Regarding these additional claims, we agree that his conviction for evasion must be stayed under section 654, but disagree as to his conviction for unlawful possession of ammunition.  We also conclude the court failed to impose a sentence on count twelve, which resulted in an unauthorized absence of sentence, and that the abstract of judgment must be corrected to reflect the court's oral award of credits.

We shall affirm defendant's convictions and remand for resentencing and correction of the abstract of judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 2016, California Highway Patrol Officer Scott Kliebe saw defendant driving a stolen car in Sacramento.  When Officer Kliebe detained defendant, defendant gave him a false name.

Defendant had a key ring with two shaved keys in his possession.  One of the shaved keys started the stolen car.  A search of the car revealed a loaded .12-gauge shotgun and a backpack containing burglary tools and ten .12-gauge shotgun shells.

3

Defendant was handcuffed with his hands behind his back and placed in the backseat of Officer Kliebe's patrol car. While officers waited for fingerprint results to confirm defendant's identity, defendant maneuvered his hands to the front of his body. Officer Kliebe saw what defendant had done and handcuffed him again behind his back, securing his handcuffs to a strap in the rear of the patrol car.

At defendant's request, Officer Kliebe called defendant's father. As Officer Kliebe leaned against the trunk of the patrol car speaking to defendant's father on the phone, he felt the vehicle lurch backwards against him. He turned and saw the patrol car's reverse lights were illuminated; defendant was in the driver's seat with his handcuffed hands in front of him on the steering wheel.

Officer Kliebe told defendant to stop. Defendant ignored the command and continued to back up, turning toward the road. Defendant hit Officer Kliebe with the front bumper or mirror of the patrol car. He then backed the car out of the driveway and fled the scene.

Officer Kliebe and another officer pursued defendant until they lost sight of him. Several deputies also followed defendant as he crossed multiple lanes into oncoming traffic. During the pursuit, defendant drove at an excessive rate of speed, hit two cars, and ran a red light.

Defendant eventually jumped out of the patrol car and hopped the fence of a nearby home. He attempted to enter several homes, and smashed through the back sliding glass door of T. I. and P. I.'s home. Inside, as P. I. ran to the master bedroom, defendant demanded that T. I. give him his car keys. T. I. gave defendant the keys to his wife's car and then later the keys to his own car. P. I. triggered a panic alarm, and defendant fled the home, dropping both sets of car keys in the backyard.

Defendant continued fleeing through the neighborhood, banging on doors and shattering windows along the way. He eventually was detained and arrested.

4

Defendant was convicted of unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a), count one); being a felon in possession of a firearm (§ 29800, subd. (a)(1), count two); being a felon in possession of ammunition (§ 30305, subd. (a)(1), count three); unlawfully driving or taking a police vehicle (Veh. Code, § 10851, subd. (b), count four); assault with a deadly weapon on a peace officer with force likely to produce great bodily injury (§ 245, subd. (c), count five); unlawful evasion of a pursuing peace officer with wanton disregard for safety (Veh. Code, § 2800.2, subd. (a), count six); first degree residential robbery (§ 211, count seven); vandalism (§ 594, subd. (a), count twelve); providing false identification to a peace officer (§ 148.9, subd. (a), count thirteen); and possession of burglary tools (§ 466, count fourteen).[3] In a subsequent proceeding, the trial court found that defendant had a prior strike conviction.[4] (§§ 667, subds. (b)-(i), 1192.7.)

The court sentenced defendant to an aggregate term of 18 years in state prison: four years on count seven, doubled to eight years for the strike prior, plus consecutive terms of 16 months each on counts one, two, three, and six; two years on count four; and two years eight months on count five. The trial court imposed no time on count twelve and concurrent terms of six months each on misdemeanor counts thirteen and fourteen.[5] The court awarded defendant 718 actual days and 107 conduct days for a total of 825 days of credit.

---

[3]     The jury acquitted defendant of four attempted burglary counts. (§§ 664, 459, counts eight to eleven).

[4]     The court denied defendant's request to dismiss the strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[5]     The trial court also imposed a concurrent four-year term on a prior offense in another case, which had previously been stayed.

DISCUSSION

I

*Sentencing Under Section 1170.12*

Defendant was charged under both the legislative version and the initiative version of the three strikes law; thus, for our purposes he was sentenced under the voter approved amendment found in section 1170.12, subdivision (a). That provision provides: "Notwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious and/or violent felony convictions, as defined in subdivision (b), the court shall adhere to each of the following: [¶] . . . [¶] (6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to this section. [¶] (7) If there is a current conviction for more than one serious or violent felony as described in subdivision (b), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (§ 1170.12, subd. (a)(6) & (7), as amended by Prop. 36, § 4, eff. Nov. 6, 2012.) The amendment can be found in subdivision (a)(7) of section 1170.12, where the voters inserted "subdivision (b)" where the words "paragraph (6) of this subdivision" used to be. (See Official Voter Information Guide.)

The People contend that upon a plain reading of the statute as amended, the trial court is required to consecutively sentence a defendant with multiple current serious or violent felony convictions to all of his or her current convictions. Defendant argues we are required to follow preamendment case law to interpret the statute as allowing for concurrent sentencing for all felonies occurring on the same occasion and arising out of

6

the same set of operative facts.[6]  We disagree with both of the parties, and reach the same conclusion our colleagues did in *Torres*, although in a slightly different way. Accordingly, the trial court has discretion to sentence a serious or violent felony offender concurrently to his or her current serious or violent felonies when those offenses were committed on the same occasion and arise out of the same set of operative facts, it then must sentence those serious or violent felonies consecutively to any other conviction, meaning nonserious and nonviolent felony and misdemeanor convictions.  (*People v. Torres*, *supra*, 23 Cal.App.5th at p. 201.)

A

*Principles Of Statutory Interpretation*

"In construing statutes adopted by the voters, we apply the same principles of interpretation we apply to statutes enacted by the Legislature.  [Citation.]  ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law " '  [Citation.]  We begin with the language of the statute, to which we give its ordinary meaning and construe in the context of the statutory scheme."  (*People v. Johnson*, *supra*, 61 Cal.4th at p. 682.)  "But '[t]he words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.'  [Citation.]  'Where uncertainty exists[,] consideration should be given to the consequences that will flow from a particular interpretation.' "  (*People v. Valencia* (2017) 3 Cal.5th 347, 357-358.)

---

**6**     Although trial counsel conceded that consecutive sentences were mandatory, we nevertheless address defendant's contentions on the merits.  (See *People v. Welch* (1993) 5 Cal.4th 228, 235 [unauthorized sentences may be corrected on appeal where they present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court"].)

"The voters are presumed to have been aware of existing laws at the time the initiative was enacted." (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1048.) Additionally, " ' "[w]hen legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears." ' " (*People v. Fusting* (2016) 1 Cal.App.5th 404, 409; accord, *People v. Burton* (1989) 48 Cal.3d 843, 861-862.)

Questions regarding the proper interpretation of a voter initiative, like those of statutory interpretation, are reviewed on appeal de novo. (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1212 [rules of statutory construction apply to voter initiatives]; *Argaman v. Ratan* (1999) 73 Cal.App.4th 1173, 1176.)

B

*The Three Strikes Law And Proposition 36*

"Prior to its amendment by the Act, the Three Strikes law required that a defendant who had two or more prior convictions of violent or serious felonies receive a third strike sentence of a minimum of 25 years to life for any current felony conviction, even if the current offense was neither serious nor violent." (*People v. Johnson*, *supra*, 61 Cal.4th at pp. 680-681.) A primary purpose of the three strikes law was to "restrict the discretion of 'soft-on-crime judges' " and " 'to ensure longer prison sentences.' " (*People v. Garcia* (1999) 20 Cal.4th 490, 500-501.)

In *Hendrix*, our Supreme Court interpreted the sentencing provisions of the legislative version of the three strikes law. (*People v. Hendrix* (1997) 16 Cal.4th 508.) It did so by first determining the meaning of section 667, subdivision (c), which provided similar language to its current version and to the initiative version, both in effect currently and at the time of the decision. The provision read: " 'Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions . . . , the court shall adhere to

8

each of the following,' . . . [¶] . . . [¶] '[I]f there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).' " Our Supreme Court determined that this provision "[b]y its terms, . . . applies to *any* current felony conviction," whether that current felony conviction be serious or violent. (*Hendrix*, at p. 512.)

The court then analyzed subdivision (c)(7) of section 667, which provided: " 'If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.' " Since "[t]he most logical meaning of the reference to 'paragraph (6)' in subdivision (c)(7) is that it refers to subdivision (c)(6)," the court concluded, " 'more than one serious or violent felony as described in paragraph (6)' refers to multiple current convictions for serious or violent felonies 'not committed on the same occasion, and not arising from the same set of operative facts.' " (*People v. Hendrix*, *supra*, 16 Cal.4th at p. 513.) "Thus, when a defendant is convicted of two or more current serious or violent felonies 'not committed on the same occasion, and not arising from the same set of operative facts,' not only must the court impose the sentences for these serious or violent offenses consecutive to each other, it must also impose these sentences 'consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.' By implication, consecutive sentences are not mandated under subdivision (c)(7) if all of the serious or violent current felony convictions are 'committed on the same occasion' or 'aris[e] from the same set of operative facts.' " (*Hendrix*, at p. 513) The *Hendrix* court's interpretation of the three strike sentencing scheme was the law when Proposition 36 was presented to the voters.

As discussed, Proposition 36 made the following changes to the language of section 1170.12, subdivision (a)(7): "If there is a current conviction for more than one serious or violent felony as described in ~~paragraph (6) of this~~ **subdivision (b)**, the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (§ 1170.12, subd. (a)(6) & (7), as amended by Prop. 36, § 4, eff. Nov. 6, 2012, boldface and strike out added; Official Voter Information Guide, p. 107.)

While no comments to this amendment were made in the Official Voter Information Guide, several comments to other changes in the Official Voter Information Guide regarding the three strikes law were. (See Official Voter Information Guide.) "As evidenced by the Voter Information Guide, six arguments were advanced in favor of the Act: '(1) "make the punishment fit the crime"; (2) "save California over $100 million every year"; (3) "make room in prison for dangerous felons"; (4) "law enforcement support"; (5) "taxpayer support"; and (6) "tough and smart on crime." [Citations.] The ballot materials also provide that 'Prop. 36 will help stop clogging overcrowded prisons with non-violent offenders, so we have room to keep violent felons off the streets' and 'Prop. 36 will keep dangerous criminals off the streets.' " (*People v. Spiller*, *supra*, 2 Cal.App.5th at p. 1024.) Our Supreme Court has noted the overarching purposes of Proposition 36 were to " 'make the punishment fit the crime' " and " 'make room in prison for dangerous felons.' " (*People v. Johnson*, *supra*, 61 Cal.4th at p. 686.)

C

*Section 1170.12, Subdivision (a)(7) Is Ambiguous*

We cannot conclude Proposition 36's amendment to section 1170.12, subdivision (a)(7) unambiguously mandates consecutive sentencing for all convictions as the People contend. Starting with the introductory language of section 1170.12, subdivision (a), it purports to apply to all defendants who have been convicted of a felony and the district attorney has pled and proved the defendant has one or more prior serious

10

or violent felony convictions.  The trial court "shall adhere to each of the following" paragraphs of the section when sentencing defendants falling under the definition. (§ 1170.12, subd. (a).)

The term "felony" as used in the introductory language of section 1170.12 when describing a current conviction unambiguously refers to all felony convictions, whether those convictions be serious, violent, nonserious or nonviolent.  This is evidenced by the section's use of the term "felony" in other paragraphs when describing current convictions, which can be understood to also include convictions for both serious or violent and nonserious or nonviolent felonies.  (§ 1170.12, subd. (a)(1) & (3).)  Thus, section 1170.12, subdivision (a)(6)'s reference to "felony" when describing current convictions also appears to describe all classifications of felonies when requiring a defendant with "a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts" be sentenced consecutively on each count.  This impliedly allows for concurrent sentencing if the current felony convictions occurred on the same occasion and arose from the same set of operative facts.  By a plain reading, the "felony" in section 1170.12, subdivision (a)(6) in the context of current convictions, has the same meaning as "felony" in the introductory language and section 1170.12, subdivision (a)(1) and (a)(3) -- that is all felonies, both serious and violent and nonserious and nonviolent.

This conclusion finds support in *Hendrix*, which interpreted nearly identical language of the legislative version of the three strikes law and concluded section 667, subdivision (c)(6) unambiguously applied to all felony convictions, including serious and violent felony convictions.  (*People v. Hendrix*, *supra*, 16 Cal.4th at p. 513.)  The People argue *Hendrix* is no longer relevant to this analysis because with the amendment to section 1170.12, subdivision (a)(7), the meaning of section 1170.12, subdivision (a)(6) changed despite the fact that not a single word of section 1170.12, subdivision (a)(6) was altered by Proposition 36.  Specifically, it argues that upon a plain reading of section

11

1170.12, subdivision (a)(7), any defendant convicted of more than one serious or violent current felony shall be sentenced consecutively to those convictions and consecutively to all other convictions. But we cannot read section 1170.12, subdivision (a)(7) in isolation of the entire section in which it exists. (*People v. Johnson*, *supra*, 61 Cal.4th at p. 682.) We must read it in the context of the preceding subdivision which appears to allow for concurrent sentencing on all felony convictions regardless of whether they are serious or violent, and the introductory language mandating the trial court "adhere to each of the following" paragraphs when sentencing a defendant who has been convicted of any felony.

*Hendrix* also does not appear irrelevant to this analysis because the Official Voter Information Guide never mentioned long-standing sentencing rules would change with Proposition 36's passage or that the judicial construction of these subdivisions would be altered in any fashion. Voters are presumed to know the law and adopt judicial constructions of laws similarly stated, unless it clearly appears otherwise. (*Professional Engineers in California Government v. Kempton*, *supra*, 40 Cal.4th at p. 1048; *People v. Fusting*, *supra*, 1 Cal.App.5th at p. 409.) It is unclear whether the electorate intended to reject the reasoning of *Hendrix* and require consecutive sentencing for all convictions when a defendant has more than one current serious or violent felony conviction with its amendment to section 1170.12, subdivision (a)(7). The voters could have made this intent clear, as required, by also amending the language of section 1170.12, subdivision (a)(6) or clearly state the intent to consecutively sentence defendants with multiple current serious or violent felony convictions instead of adopting nearly identical language to how the subdivisions read and were interpreted before the amendment.

To the extent the stated intent of Proposition 36 is relevant to this inquiry, it also leaves us wondering at the meaning of the amendment to section 1170.12, subdivision (a)(7). The Official Voter Information Guide advocated for proportionality in sentencing, fiscal savings by reducing the prison population of nondangerous felons,

12

and a tough and smart approach to criminal sentencing. (*People v. Spiller*, *supra*, 2 Cal.App.5th at pp. 1023-1024.) It purported to do this by requiring a defendant commit serious and violent felonies before a third strike sentence of 25 years to life could be imposed. As far as the amendment at issue in this case was concerned, the Official Voter Information Guide was silent.

Given the plain wording of the statute, case law interpreting its sentencing provisions, and the purpose of Proposition 36, it is unclear what the amendment to section 1170.12, subdivision (a)(7) meant to accomplish. As a result, we must dig deeper into the purpose of the initiative to determine the voters' intent before determining the meaning of the amendment to section 1170.12, subdivision (a)(7).

D

*Section 1170.12, Subdivision (a)(7) Allows For Concurrent*

*Sentencing Of Serious And Violent Felony Convictions*

We begin our analysis with *Hendrix*, which interpreted the parallel sentencing provision in the legislative enacted version of the three strikes law, to determine whether the reasoning of that case holds true in light of the amendment enacted by Proposition 36. The People argue that by "deleting the reference to paragraph (6) -- thereby deleting the references to crimes not committed on the same occasion or arising from the same set of operative facts -- the electorate withdrew courts' discretion to impose concurrent sentences . . . ."

In *Torres*, Division One of the First District Court of Appeal examined *Hendrix* and the sentencing rule it announced, ultimately disagreeing with the People's position. (*People v. Torres*, *supra*, 23 Cal.App.5th at pp. 197-199.) It concluded that because section 1170.12, subdivision (a)(6) was not amended by the voters, it continues to apply to any current felony convictions. (*Torres*, at pp. 200-201.) As a result, "The courts also retain discretion to impose concurrent sentences for felonies (including serious and/or violent felonies) committed on the same occasion or arising from the same set of

13

operative facts." (*Torres*, at p. 201, citing *People v. Hendrix*, *supra*, 16 Cal.4th at pp. 513-514.) Regarding section 1170.12, subdivision (a)(7), the *Torres* court explained that by replacing the subdivision's reference to section 1170.12, subdivision (a)(6)'s same occasion/same operative facts clause with a reference to section 1170.12, subdivision (b), Proposition 36 changed the triggering language of the subdivision, as referenced in *Hendrix*, such that section 1170.12, subdivision (a)(7) now applies any time a defendant is convicted of multiple serious or violent felonies. (*People v. Torres*, at p. 201, citing *Hendrix*, at pp. 513-514.) But Proposition 36 made no change to the directive portion of section 1170.12, subdivision (a)(7), which "requires a court to impose the sentences for serious and violent felonies 'consecutive to the sentence for *any other conviction* for which the defendant may be consecutively sentenced in the manner prescribed by law.' " (*Torres*, at p. 201.)

We read *Hendrix* similarly. Notably, the *Hendrix* court first determined that all felonies must be sentenced under section 667, subdivision (c)(6) before it ever considered the meaning of section 667, subdivision (c)(7). (*People v. Hendrix*, *supra*, 16 Cal.4th at p. 512.) It then determined the "paragraph (6)" reference in section 667, subdivision (c)(7) was to section 667, subdivision (c)(6) but stopped short of declaring that "paragraph (6)" convictions must be served consecutively to each other. Instead, it determined "the sentences for these serious or violent offenses" must be served consecutively to each other. (*Hendrix*, at p. 513.) In doing so, the court failed to define the "each conviction" language in section 667, subdivision (c)(7). Indeed, Justice Mosk recognized this oversight and sought to remedy it in his concurring opinion by linking "each conviction" to the "paragraph 6" language also included in that subdivision. (*Hendrix*, at pp. 517-518 (conc. opn. of Mosk, J.).) The majority did not adopt this view. Instead, the *Hendrix* court announced a rule wherein all felonies are first sentenced under section 667, subdivision (c)(6) and then "the sentences for these serious or violent

14

offenses" are sentenced under section 667, subdivision (c)(7) -- the triggering/directive rule clarified by *Torres*. (*Hendrix*, at p. 513.)

This result finds further support in the purposes articulated by the Official Voter Information Guide. Requiring all convictions to be sentenced consecutively would result in longer prison terms and overcrowded prisons. Retaining trial courts' discretion, where consecutive sentencing would still be an option, would allow for proportionality in sentencing ("make the punishment fit the crime") and the "tough and smart on crime" approach advocated by the proponents of the proposition. (Official Voter Information Guide, *supra*, argument in favor, p. 52.) It would further deliver the promised fiscal benefits by ensuring that prisoners are eligible for parole, while keeping dangerous felons in prison if the Board of Parole Hearings did not believe them suitable for release. (*Ibid.*; see *People v. Johnson*, *supra*, 61 Cal.4th at p. 690-691 ["Because a person convicted of a serious or violent felony will receive a minimum sentence of 25 years to life for that offense [citations], and will not be granted parole if the Board of Parole Hearings determines that 'consideration of the public safety requires a more lengthy period of incarceration' [citations], 'truly dangerous criminals will receive no benefits whatsoever from the reform' . . . the amendments allow an inmate who is also serving an indeterminate life term to be released on parole earlier if the Board of Parole Hearings concludes he or she is not a threat to the public safety, thereby 'mak[ing] room in prison for dangerous felons' and saving money that would otherwise be spent on incarcerating inmates who are no longer dangerous"].)

Our Supreme Court has also noted that "the parallel structure of [Proposition 36's] amendments to the sentencing provisions and [Proposition 36's] resentencing provisions reflects an intent that sentences imposed on individuals with the same criminal history be the same, regardless of whether they are being sentenced or resentenced." (*People v. Johnson*, *supra*, 61 Cal.4th at p. 686.) Indeed, given the differences that do exist, Proposition 36 "is more cautious with respect to resentencing." (*Johnson*, at p. 686.)

15

While *Johnson* considered whether a defendant serving a third strike sentence for a serious and violent felony is eligible for resentencing as to a nonserious and nonviolent current conviction, its policy determination rings true for the purposes of our analysis. (*Id.* at p. 687.)

Mandating consecutive sentencing for all felonies for defendants being sentenced under section 1170.12, and not those being resentenced, frustrates the intended parallel sentencing structure of Proposition 36 and results in different sentencing possibilities among defendants with similar criminal histories and current convictions. It takes away a trial court's discretion to ensure the punishment fits the crime and instead results in prolonged prison terms with no hope of release by the Board of Parole Hearings and the incarceration of defendants who no longer pose a risk to the public. This is not what Proposition 36 intended. For these reasons, we agree with our colleagues in *Torres* that trial courts have the discretion to impose concurrent sentences on serious and violent felony convictions committed on the same occasion and arising from the same set of operative facts.[7] We further agree that those serious and violent felonies must then be consecutively sentenced to the sentences for nonserious and nonviolent crimes. We remand to the trial court for it to make this determination as it related to defendant in the first instance.[8]

---

[7] For the same reasons we disagree with our dissenting colleague. To mandate consecutive sentencing for serious and violent felonies would similarly increase prison sentences and thus frustrate the intent of Proposition 36 and run contrary to the established law that was not rejected by the voters in effect at the time of Proposition 36's passage.

[8] As the People point out, the trial court made inconsistent statements regarding the relatedness of defendant's serious and violent felony convictions. Because we also remand the case for it to impose a sentence on count twelve, we believe it appropriate for the court to consider defendant's sentence under section 1170.12 as well.

## II

### *Section 654*

Defendant contends the court violated section 654 by imposing punishment on both count two, felon in possession of a firearm, and count three, unlawful possession of ammunition. He makes a similar argument regarding count four, unlawful driving or taking of a police vehicle, and count six, unlawfully evading a peace officer with wanton disregard for safety. We conclude defendant was properly punished for the unlawful possession of ammunition offense but that the sentence on his evasion conviction must be stayed under section 654.

### A

### *Applicable Law*

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ." The statute does not prohibit multiple convictions for the same conduct, only multiple punishments. (*People v. Monarrez* (1998) 66 Cal.App.4th 710, 713.) "In such a case, the proper procedure is to stay execution of sentence on one of the offenses." (*Ibid.*)

"Whether a defendant may be subjected to multiple punishment under section 654 requires a two-step inquiry, because the statutory reference to an 'act or omission' may include not only a discrete physical act but also a course of conduct encompassing several acts pursued with a single objective." (*People v. Corpening* (2016) 2 Cal.5th 307, 311.) We first consider whether the different crimes were completed by a " 'single physical act.' " (*Ibid.*) "If so, the defendant may not be punished more than once for that act. Only if we conclude that the case involves more than a single act -- i.e., a course of conduct -- do we then consider whether that course of conduct reflects a single ' "intent and objective" ' or multiple intents and objectives." (*Ibid.*)

17

"The divisibility of a course of conduct depends upon the intent and objective of the defendant." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135.) If each criminal act is incidental to, or accomplished a single objective, the defendant may be found to harbor a single intent. If the defendant harbored multiple criminal objectives independent of one another, he may be punished for each statutory violation even if they were part of an indivisible course of conduct. (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) We turn now to the merits of defendant's contentions.[9]

B

*Possession Of Firearm And Ammunition*

Citing *People v. Lopez* (2004) 119 Cal.App.4th 132, defendant argues he may not be punished for both possession of the firearm and possession of the ammunition. In *Lopez*, the court held section 654 barred multiple punishment for the defendant's convictions for unlawful possession of a firearm and unlawful possession of ammunition based on his possession of a single loaded firearm. (*Lopez*, at pp. 137-138.) The court in *Lopez* explained that where "all of the ammunition was loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment." (*Lopez*, at p. 138.)

The People argue *Lopez* is distinguishable. We agree. As the People point out, defendant did not merely possess ammunition inside a loaded firearm; he possessed additional ammunition outside of the firearm that served as the basis for count three. Thus, unlike in *Lopez*, the possession offenses do not constitute an indivisible course of conduct. Instead, separate acts constituted the basis of each conviction.

---

[9] Defendant's failure to object below based on section 654 does not forfeit his appellate challenge. (*People v. Perez* (1979) 23 Cal.3d 545, 550, fn. 3 [forfeiture does not apply to questions involving the applicability of section 654; errors in applying section 654 are corrected on appeal regardless of whether the defendant objected in the trial court].)

18

Possession of the additional ammunition, moreover, was not essential to possession of the gun. " '[S]imultaneous possession of different items of contraband' are separate acts for [purposes of section 654]." (*People v. Jones* (2012) 54 Cal.4th 350, 358 [" 'the possession of one item is not essential to the possession of another separate item. One does not possess in the abstract; possession is meaningless unless something is possessed. The possession of each separate item is therefore a separate act of possession"].) Defendant was thus properly sentenced for both possession of the loaded firearm and possession of the ammunition in the backpack.

C

*Unlawful Driving Of A Police Vehicle And Unlawfully Evading A Peace Officer*

Defendant argues that he committed a single physical act -- driving Officer Kliebe's patrol vehicle -- which violated multiple criminal statutes, including unlawful driving or taking of a police vehicle (Veh. Code, § 10851, subd. (b), count four) and unlawful evasion of a pursing peace officer with wanton disregard for public safety (Veh. Code, § 2800.2, subd. (a), count six). Under section 654, he contends, he may only be punished once for that single act. We agree.

Defendant's conduct of driving Officer Kliebe's patrol car to evade police constitutes a single act that may not be punished more than once. (See, e.g., *People v. Jones*, *supra*, 54 Cal.4th at p. 359 [in overruling *In re Hayes* (1969) 70 Cal.2d 604, which held a defendant could be punished twice for the act of driving without a valid license and driving while intoxicated, the court characterized *Hayes* as improperly finding multiple acts in what was actually a single-act case].) But even if defendant's actions of taking the police car to flee from officers can be characterized as a course of conduct, he had the same intent and objective when he committed both crimes. Section 654 applies not only to the same criminal act, but also to an indivisible course of conduct committed pursuant to the same criminal intent or objective. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1207-1209.) Here, defendant was trying to escape arrest. Under these

19

circumstances, he may not be punished for both offenses. Section 654 requires that the sentence for count six be stayed.

## III

### *Unauthorized Absence Of Sentence On Count Twelve*

The trial court stayed imposition of sentence on count twelve, vandalism (§ 594, subd. (a)), after impliedly finding that section 654 applied because count twelve involved a continuous course of conduct already punished under count seven, the robbery offense. The court, however, failed to impose a sentence for count twelve and then stay the sentence pursuant to section 654, as required. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1472 ["A trial court must impose sentence on every count but stay execution as necessary to implement section 654"].)

Failure to impose a sentence on a count for which a defendant was validly convicted "results in an unauthorized absence of sentence." (*People v. Alford*, *supra*, 180 Cal.App.4th at p. 1472.) Upon remand for resentencing, the court shall impose a sentence on count twelve, which may be stayed under section 654.

## IV

### *Correction Of Abstract Of Judgment*

The court orally awarded defendant 825 days during the sentencing hearing, consisting of 717 actual days of custody plus 108 days of conduct credit. The abstract of judgment, however, shows an award of a total of 1,190 days -- an additional 365 days of credit -- as well as incorrect awards of 718 actual days and 107 conduct days. If the minute order or abstract of judgment differs from the oral pronouncement of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; see also *People v. Myles* (2012) 53 Cal.4th 1181, 1222, fn. 14 ["When an abstract of judgment does not accurately reflect the trial judge's oral pronouncement of sentence, [the appellate] court has the inherent power to correct such an error, either on [its] own [motion] or at the parties' behest"].) Because the court's oral pronouncement awarded

defendant 825 days, the abstract must be corrected to reflect the oral award of 717 actual days plus 108 conduct days.

## DISPOSITION

Defendant's convictions are affirmed, and the sentence on count six is stayed under section 654.  The matter is remanded for resentencing consistent with the views expressed in this opinion.  Following resentencing, the clerk of the court is directed to prepare an amended abstract of judgment, which also properly reflects the court's oral award of credits, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/s/
Robie, Acting P. J.

I concur:

/s/
Hoch, J.

21

Krause, J., Concurring and Dissenting.

I concur in part and dissent in part.

Although I agree with most of the majority opinion, I respectfully disagree with the conclusions reached in part I, where my colleagues decide that convictions for multiple current serious or violent felonies may be sentenced concurrent to one another, but must be sentenced consecutive to all other convictions in the case.  As explained more fully below, I read the consecutive sentencing provisions of the three strikes law, as amended by voters in the Three Strikes Reform Act of 2012 (Proposition 36), to mandate *consecutive* sentencing for multiple serious or violent felonies, while providing discretion to impose concurrent sentences for certain other crimes sentenced at the same time.

A.      *Consecutive Sentences Under the Original Three Strikes Law*

When first enacted, Penal Code section 667,[1] subdivision (c)(6) provided, and still provides:  "If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)."  And subdivision (c)(7) read, and still reads:  "If there is a current conviction for more than one serious or violent felony *as described in paragraph (6)*, the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (§ 667, subd. (c)(6) & (7), italics added; Stats. 1994, ch. 12, § 1, p. 73, eff. Mar. 7, 1994, italics added.)

---

[1]      Further undesignated section references are to the Penal Code.

1

As discussed in the majority opinion, our Supreme Court interpreted section 667, subdivision (c)(6) and (7) in *People v. Hendrix* (1997) 16 Cal.4th 508 (*Hendrix*).**2**  There, a man pointed a gun at four victims, all seated at a table, and announced a " 'holdup.' " (*Id.* at p. 510.)  Two of the victims surrendered their money; the others said they had none.  A jury convicted Hendrix of two counts of robbery and two counts of attempted robbery.  (*Id.* at pp. 510-511.)  The issue taken up by the Supreme Court was "whether consecutive sentences are mandatory under subdivision (c)(6) [or] (c)(7) . . . when the defendant has two or more prior felony convictions . . . , and commits serious or violent felonies against multiple victims at the same time."  (*Id.* at p. 511.)

*Hendrix* first observed that paragraph (6), by its terms, "applies to any current felony conviction" and that consecutive sentencing is mandatory under this provision for any current felony convictions " 'not committed on the same occasion, and not arising from the same set of operative facts.' "  (*Hendrix*, 16 Cal.4th at p. 512, italics omitted.)  By implication, the court held, consecutive sentences are discretionary where "multiple current felony convictions are 'committed on the same occasion' or 'aris[e] from the same set of operative facts.' "  (*Id.* at pp. 512-513.)

Turning to paragraph (7), the court noted that it applied whenever there was "more than one serious or violent felony as described in paragraph (6)."  The court concluded that the "most logical meaning of the reference to 'paragraph (6)' " is that it refers to subdivision (c)(6) of section 667.  "So construed, 'more than one serious or violent felony as described in paragraph (6)' refers to multiple current convictions for serious or violent felonies 'not committed on the same occasion, and not arising from the same set of

---

**2**    Although *Hendrix* analyzed the case under the legislative version of the three strikes law (subd. (c)(6) & (7) of § 667), subdivision (a)(6) and (7) of section 1170.12 were substantially identical.  (*Hendrix*, *supra*, 16 Cal.4th at p. 511, fn. 2.)  For ease of reference, subdivisions (c)(6) and (a)(6) are sometimes cited using the shorthand "paragraph (6)," and subdivisions (c)(7) and (a)(7) as "paragraph (7)."

2

operative facts.' " (*Hendrix, supra*, 16 Cal.4th at p. 513.) In other words, the Supreme Court read former paragraph (7) as incorporating the "same occasion/same operative facts" test by reference from paragraph (6). Thus, the court concluded that the consecutive sentencing mandate of paragraph (7)—like the one in paragraph (6)—only was triggered when the underlying serious or violent felonies were "not committed on the same occasion, and [did] not aris[e] from the same set of operative facts." (*Ibid.*)

Based on this interpretation, *Hendrix* held that when a defendant is convicted of two or more current serious or violent "different occasion/different operative facts" felonies, "not only must the court impose the sentences for these serious or violent offenses consecutive to each other, it must also impose these sentences 'consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.' " (*Hendrix*, 16 Cal.4th at p. 513.) "Under this approach," the court said, "subdivision (c)(6) and (c)(7) are not duplicative." (*Ibid.*) And because "all of the current serious and violent felony convictions were 'committed on the same occasion,' " it further held that paragraph (7) did not mandate the imposition of consecutive sentences on the robbery counts in that case. (*Id.* at p. 514.)

B.      *Proposition 36 – The Three Strikes Reform Act of 2012*

The chief purpose of Proposition 36 was to change " 'the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment.' " (*People v. Torres* (2018) 23 Cal.App.5th 185, 192 (*Torres*).) Its proponents argued that the sweep of the three strikes law was, in some respects, too broad and that the measure would "help stop clogging overcrowded prisons with non-violent offenders," ensure proportionality in sentencing, and allow resentencing of certain third strike offenders serving life sentences for specified nonserious, nonviolent felonies. (See Official Voter Information Guide, Gen. Elec. (Nov. 6, 2012), argument in favor of Prop.

3

36, p. 52.)[3]  They assured voters, however, that "truly dangerous criminals [would] receive no benefits whatsoever from the reform" and that "violent repeat offenders [would be] punished and not released early."  (*Ibid.*)  As relevant here, Proposition 36 amended section 1170.12, subdivision (a)(7)'s consecutive sentencing provision.[4]

The amended text, with additions bolded and underlined and deletions in strike-through, reads:  "If there is a current conviction for more than one serious or violent felony as described in ~~paragraph (6) of this~~ subdivision **(b)**, the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law."  (§ 1170.12, subd. (a)(7), as amended by Prop. 36, § 4, eff. Nov. 7, 2012.)

By deleting the reference to "paragraph (6)" and replacing it with "subdivision (b)," which defines serious and violent felonies, the amendment changed the text upon

---

[3]  The pertinent portions of the Official Voter Information Guide for the November 6, 2012 General Election are subject to judicial notice.  (Evid. Code, §§ 452, subd. (c), 459; <https://vig.cdn.sos.ca.gov/2012/general/pdf/complete-vig-v2.pdf> [as of Nov. 13, 2019], archived at <https://perma.cc/7PQW-AWYT>.)

[4]  My colleagues note that "no comments to this amendment were made in the Official Voter Information Guide."  (Maj. opn., *ante*, at p. 10.)  But the voter guide, apart from the "Text of Proposed Laws" contained therein, is not intended to list every change being made by an initiative.  The Attorney General's title and summary, for instance, is only a "summary of the chief purposes and points" and is limited to 100 words.  (Elec. Code, § 9004.)  "[I]t need not be a catalogue or index to all of the provisions of the measure."  (*Epperson v. Jordan* (1938) 12 Cal.2d 61, 66; see also *People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 308 ["The Legislative Analyst did not suggest that all the effects and ramifications of the Act were being set forth in his brief summation"].)  Further, the rule has long been that voters are "assumed to have voted intelligently upon an amendment to their organic law, the whole text of which was supplied each of them prior to the election and which they must be assumed to have duly considered, regardless of any insufficient recitals in the instructions to voters or the arguments *pro* and *con* of its advocates or opponents accompanying the text of the proposed measure."  (*Wright v. Jordan* (1923) 192 Cal. 704, 713.)

4

which *Hendrix* rested its holding that where all current "serious and violent felony convictions were 'committed on the same occasion,' . . . subdivision (c)(7) does not mandate that the trial court impose consecutive sentences." (*Hendrix, supra*, 16 Cal.4th at p. 514.) Paragraph (7) now applies whenever a defendant with a prior strike is convicted of "more than one serious or violent felony," without regard to whether the crimes are committed on the same or different occasions. (§ 1170.12, subd. (a)(7).)

For several years after the passage of Proposition 36, there were no published opinions construing amended paragraph (7). During this period, prominent sentencing experts concluded that Proposition 36 had abrogated *Hendrix* and that consecutive sentences were now mandatory when a defendant with prior strikes was convicted of multiple current serious or violent felonies. (See *Torres, supra*, 23 Cal.App.5th at p. 197, fn. 5.)[5]

In May 2018, more than five years after Proposition 36 was enacted, the First Appellate District, Division One, published *Torres, supra*, 23 Cal.App.5th 185. *Torres* concluded that, notwithstanding the elimination of the cross-reference to the same occasion/same operative facts test, Proposition 36 "did not alter the Supreme Court's holding in *Hendrix, supra*, 16 Cal.4th 508, that . . . trial courts have discretion to impose concurrent sentences for multiple serious or violent felonies against a single victim if they were committed on the 'same occasion' or arose from the 'same set of operative facts.' " (*Torres*, supra, 23 Cal.App.5th at p. 197.) It reached this conclusion first by finding that paragraph (6) "continues to apply to *any* current felony convictions (including serious and/or violent felonies) and requires consecutive sentencing where the

---

[5] These same experts, Presiding Justice Tricia A. Bigelow and Judge J. Richard Couzens (ret.), offered judicial training on their interpretation of Proposition 36's amendment to paragraph (7). (California's Three Strikes Sentencing Law (May 2017) <https://www.courts.ca.gov/20142.htm> [as of Nov. 13, 2019], archived at <https://perma.cc/W44B-C7XY>.)

felonies (including serious and/or violent felonies) were not committed on ' "the same occasion" ' or did not arise from ' "the same set of operative facts." ' " (*Id.* at pp. 200-201.) It then reasoned that Proposition 36's revision to paragraph (7) merely changed the subdivision's "*triggering* language," not the "directive" portion of the statute, which, it found, "impacts only the additional requirement for consecutive sentencing of . . . *non*serious and/or [*non*]violent felonies and misdemeanor offenses." (*Torres, supra*, 23 Cal.App.5th at p. 201.)

Citing Justice Mosk's concurring opinion in *Hendrix*, the court in *Torres* went on to hold that "sentences for . . . serious and/or violent felonies (imposed either consecutively or concurrently as required or allowed under [paragraph (6)]), must 'run consecutive to [the] sentence for any other offense, whether felony or misdemeanor, for which a consecutive sentence may be imposed.' " (*Torres*, 23 Cal.App.5th at p. 201, citing *Hendrix, supra*, 16 Cal.4th at p. 518 (conc. opn. of Mosk, J.), italics omitted.) Because all the felonies for which Torres was convicted were violent, there were no "other offenses" subject to what the court called the "*additional* consecutive sentencing mandate" of paragraph (7). (*Torres,* at p. 203.) The court observed in dictum, however, that *if* Torres had been convicted of a nonserious or nonviolent felony, the term imposed for that crime "would have had to have been consecutive to the terms of the serious and/or violent felonies, . . . regardless of whether [they] were committed on 'the same occasion' or arose from 'the same set of operative facts.' " (*Ibid*.)

My colleagues here follow a slightly different path to the same conclusion.[6]

---

[6]     The majority adopts *Torres*'s holding after finding ambiguity in Proposition 36 and concluding that, without some discussion of the change to paragraph (7) in the Official Voter Information Guide, it is "unclear whether the electorate intended to reject the reasoning of *Hendrix* and require consecutive sentencing for all convictions." (Maj. opn., *ante*, at pp. 12, 13, 16.) However, the clearest indication of voter intent is the text of the amended statute. The voters are assumed to have voted intelligently upon that

6

C.     *Analysis*

The Attorney General urges this court not to follow *Torres*, arguing that "absurdity results from interpreting [section 1170.12,] subdivision (a)(7) as piecemealing the consecutive sentencing mandate such that nonserious and nonviolent offenses are subject to mandatory consecutive sentencing while serious and violent felonies are not." The "most logical" way to read the amended language, in the Attorney General's view, is to interpret the statute as requiring consecutive sentences for *all* current convictions where a defendant with a prior strike has more than one current serious or violent felony conviction.[7]

_____

amendment after considering the amended text of the law printed in the voter guide. (*Wright v. Jordan*, *supra*, 192 Cal. at p. 713.)  I am loath to ignore clear statutory language merely because voters' attention was not specifically drawn to it in the ballot materials, as that would establish a perilously broad rule of judicial construction that could erode the constitutional initiative power.  (Cal. Const., art. IV, § 1; *People v. Valencia* (2017) 3 Cal.5th 347, 357 ["language used in a statute or constitutional provision should be given its ordinary meaning, and '[i]f the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters)' "]; *Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1337 [" 'Where changes have been introduced to a statute by amendment it must be assumed the changes have a purpose' "].)

[7]     The Attorney General's interpretation is consistent with the guidance offered in the sentencing treatises.  (See fn. 5, *ante*, and accompanying text.)  It also was adopted by a dissenting justice in *People v. Buchanan* (2019) 39 Cal.App.5th 385, in which a divided panel of the First Appellate District, Division Five, followed *Torres*.  Justice Needham found that under the "plain language" of paragraph (7), "consecutive sentences— including sentences consecutive to each other—must be imposed on more than one serious or violent felon[y] whenever consecutive sentences would be authorized, not merely on those 'not committed on the same occasion, and not arising from the same set of operative facts.' "  (*Id.* at p. 397 [conc. & dis. opn. of Needham, J.].)  Like the Attorney General, Justice Needham highlighted the potentially " 'absurd consequence' " that flows from allowing concurrent sentences for serious or violent felony convictions, while requiring consecutive sentences for nonserious/nonviolent felony and misdemeanor convictions.  (*Id.* at p. 398 [conc. & dis. opn. of Needham, J.].)

7

Although I agree with the Attorney General that *Torres* was incorrectly decided to the extent it interpreted paragraphs (6) and (7) to confer continuing discretion on courts to sentence multiple "same occasion/same operative facts" serious or violent felony convictions concurrently to one another, I disagree that the amended statute mandates that *all* current convictions must be sentenced consecutively to one another.

1. *Allowing concurrent sentencing of multiple serious or violent felonies is contrary to the text of the statute*

As in *Torres*, the majority here rests its decision on *Hendrix*'s holding that concurrent sentencing is permissible under paragraph (6) for " ' "any current felony conviction" ' " committed on the same occasion or arising from the same set of operative facts.  (*Torres*, *supra*, 23 Cal.App.5th at p. 198.)  I agree that paragraph (6) applies to "any current felony conviction," including a single serious or violent felony conviction, but *Hendrix*'s statement, like paragraph (6) itself, does not exist in isolation; it must be read in context.

The issue under review in *Hendrix* was whether paragraph (6) *or* (7) mandated consecutive sentences where an individual committed four serious or violent felonies on a single occasion.  (*Hendrix*, *supra*, 16 Cal.4th at p. 511.)  *Hendrix* made a general observation about paragraph (6) on its way to concluding that, because "all of the current serious and violent felony convictions were 'committed on the same occasion,' " former paragraph (7) did not mandate the imposition of consecutive sentences.  (*Id.* at p. 514.)  As Justice Needham aptly observed in his dissent in *Buchanan*, after Proposition 36, paragraph (7) "no longer incorporates the language of 'paragraph (6)'; it is not potentially duplicative of that subdivision; and it should be interpreted by reference to its language standing alone rather than to subdivision (a)(6)."  (*People v. Buchanan*, *supra*, 39 Cal.App.5th at p. 397 [conc. & dis. opn. of Needham, J.].)  I agree.  Concluding that consecutive sentences are (or are not) mandatory under paragraph (6) says nothing about

whether they are mandatory under amended paragraph (7). The two subdivisions exist in harmony as separate consecutive sentencing provisions.[8]

Returning to the statutory text, paragraph (7) now reads: "If there is a current conviction for more than one serious or violent felony as described in subdivision (b), the court shall impose the sentence for *each conviction* consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (§ 1170.12, subd. (a)(7), italics added.) The reference to "each conviction" is pivotal because, while *Torres* did not explicate the statutory text, it implicitly concluded that the phrase refers back to multiple serious or violent felony convictions sentenced concurrently or consecutively under paragraph (6).[9] But this reading effectively rewrites the law to say: "If there is a current conviction for more than one serious or violent felony as described in subdivision (b), the court shall impose the sentence for each [such serious or violent felony] conviction [concurrently or consecutively under subdivision (a)(6), and then impose the sentence] ~~consecutive to the~~

---

[8] Given the material change to the text of the statute, I further conclude that *Hendrix* no longer governs the interpretation of paragraph (7). (See *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1337 ["the meaning of 'net monetary recovery' ([Code. Civ. Proc.,] § 1032(a)(4)) is not controlled by those cases construing the prior version of [Code of Civil Procedure] section 1032"]; *Becerra v. Superior Court* (2017) 19 Cal.App.5th 967, 976 [real party in interest's "reliance on cases construing a former version of the law are inapposite on this point"]; *Grossmont Hospital v. Workers' Comp. Appeals Bd.* (1997) 59 Cal.App.4th 1348, 1360 ["To conclude the second sentence of [the subdivision in question] requires interpretation of preexisting case law to remain unchanged in the face of legislative change is nonsensical, i.e., case law interpreting a former version of the statute would control over the language of the current version"].)

[9] My colleagues acknowledge that the majority in *Hendrix* did not define the phrase "each conviction," and declined to adopt concurring Justice Mosk's linkage of that text back to paragraph (6). (Maj. opn., *ante*, at p. 14.) My colleagues instead read *Hendrix* to articulate a rule under which all felonies are first sentenced under paragraph (6) before paragraph (7) is applied. (*Ibid.*)

9

sentence for any other conviction ~~for which the defendant may be~~ consecutively ~~sentenced in the manner prescribed by law~~." I cannot join in this construction of the statute. (See *Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1037 [" 'the court may not add to [a] statute or rewrite it to conform to an assumed intent that is not apparent in its language' "].)

In my view, "each conviction" in paragraph (7) refers not to serious or violent felony convictions sentenced under paragraph (6), but to the convictions described in the conditional antecedent clause, i.e., each "current conviction for . . . [a] serious or violent felony." So construed, paragraph (7) provides: "If there is a current conviction for more than one serious or violent felony as described in subdivision (b), the court shall impose the sentence for each [such serious or violent felony] conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (§ 1170.12, subd. (a)(7).)

Thus, when a defendant is convicted of more than one felony, but not more than one serious or violent felony, paragraph (6) affords discretion to sentence the defendant concurrently for any current felony conviction (including a single serious or violent felony) that was committed on the same occasion or arose from the same set of operative facts. (§ 1170.12, subd. (a)(6).) But, when a defendant is convicted of more than one current serious or violent felony, paragraph (7) also applies and mandates that each serious or violent felony conviction be sentenced "consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law," including any other serious or violent felony. Because paragraph (7) now mandates consecutive sentencing for each individual serious or violent felony conviction, I interpret the statute to mean that those convictions must be sentenced consecutive to one another. The only question is to which *other* convictions must the serious and violent felony convictions be consecutively sentenced?

10

2. *Trial courts retain discretion to impose concurrent sentences for misdemeanors and certain nonserious and nonviolent felonies*

Paragraph (7) requires that each serious or violent felony conviction be sentenced consecutive to "any other conviction *for which the defendant may be consecutively sentenced in the manner prescribed by law*" (italics added), but the statute is silent on whether the "other convictions" may (or must) be sentenced concurrently to one another. Unlike the Attorney General (and my colleagues), I do not read paragraph (7) to mandate consecutive sentencing for every "other conviction." Had this been the intent, the drafters presumably would have said so explicitly using language like that in paragraph (6), e.g., "If there is a current conviction for more than one serious or violent felony as described in subdivision (b), the court shall sentence the defendant consecutively on each count pursuant to this section." They did not. In my view, the italicized text in paragraph (7) signals the application of ordinary sentencing rules to those other convictions, not that the phrase should be read to mean that "if any other current felony or misdemeanor convictions *may* be sentenced consecutively, they *must* be sentenced consecutively to the current serious or violent felony convictions."[10]

When consecutive sentencing is not mandatory under paragraph (6) or (7), the implication is that courts retain discretion to impose concurrent sentences on other

---

**10**     Although Justice Mosk opined in his concurrence in *Hendrix* that when former paragraph (7) applied, "the sentence for each [] serious or violent 'different occasions/different facts' felony must run consecutive to the sentence for any other offense, whether felony or misdemeanor, for which a consecutive sentence may be imposed" (*Hendrix, supra*, 16 Cal.4th at p. 518 [conc. opn. of Mosk, J.]), that was not the majority's holding; indeed, application of former paragraph (7) to misdemeanors (or nonserious and nonviolent felonies) was not even before the court. (See *Rosato v. Superior Court* (1975) 51 Cal.App.3d 190, 211 ["dicta by a concurring justice . . . is not binding and does not constitute the holding of the court"]; *Turney v. Collins* (1941) 48 Cal.App.2d 381, 388 [a "concurring opinion is not the decision of the court, but a mere concurrence with that decision by the writer of the concurring opinion"].)

convictions sentenced at the same time.  (§ 669, subd. (a).)  Thus, here I would hold that the trial court retained authority under paragraph (6) to impose concurrent sentences for any of the five *non*serious or *non*violent felony convictions committed by defendant on the same occasion or that arose from the same set of operative facts.  It likewise had authority to sentence the misdemeanors concurrently under section 669, subdivision (a).  I would remand the case to allow the trial court to determine whether any nonserious or nonviolent felonies were committed on the same occasion or arose from the same set of operative facts.  (§ 1170.12, subd. (a)(6).)  If so, the court could exercise its discretion to impose concurrent sentences on those nonserious and/or nonviolent felony convictions, as well as the misdemeanor convictions.  Then, under paragraph (7), the aggregate sentence imposed for the misdemeanor and nonserious/nonviolent felony convictions would run *consecutive* to the sentences for each of the two serious or violent felonies.

This construction of the statute gives effect to Proposition 36's amendment to paragraph (7), while also harmonizing that language with paragraph (6), which was left unchanged.  (*People v. Valencia*, *supra*, 3 Cal.5th at p. 357 [" 'statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible' "].)  And because paragraph (7) by its terms governs sentencing of multiple current serious or violent felony convictions by defendants with at least one prior serious or violent felony conviction, consecutive sentencing of those crimes also furthers Proposition 36's articulated purpose of ensuring that the three strikes law will "continue to punish dangerous career criminals who commit serious [or] violent crimes" (Official Voter Information Guide, Gen. Elect. (Nov. 6, 2012), argument in favor of Prop. 36, p. 52 <https://vig.cdn.sos.ca.gov/2012/general/pdf/complete-vig-v2.pdf> [as of Nov. 13, 2019], archived at <https://perma.cc/7PQW-AWYT>), while preserving courts' flexibility to impose concurrent sentences on certain other convictions in appropriate cases.

/s/_____, J.